[No. 19124. Department One. May 23, 1925.]

PETER G. SCHMIDT, *as Executor of the Estate of Louis B. Schmidt, Deceased, Respondent,* v. GEORGE B. WORLEY *et al., Defendants,* H. C. McDONALD *et al., Appellants.*[1]

MORTGAGES (262) — FORECLOSURE — REDEMPTION — REFUSAL OF CHECK. Where, upon the refusal of a check, tendered to redeem from a mortgage foreclosure, the check was returned, and the certificate of redemption returned to the sheriff, there was no redemption.

SAME (258)—TIME FOR REDEMPTION—EXTENSION OF TIME—WAIVER OF RIGHTS. A second mortgagee is not entitled to an extension of the time for redemption from the first mortgagee's foreclosure where there was no fraudulent conduct and he was not lead to delay; but, on the contrary, after the mortgagor's attempted redemption had failed, the time was extended by mutual agreement, and he took no advantage thereof, and seven months after the year for redemption had expired, commenced an action to foreclose his mortgage without offering to redeem.

[1] Reported in 236 Pac. 111.

Appeal from a judgment of the superior court for Mason county, Wilson, J., entered October 17, 1924, in favor of the plaintiff, in an action to foreclose a mortgage, tried to the court. Reversed.

*Morris & Dubuar,* for appellants.

*Bigelow & Manier* and *Troy & Yantis,* for respondent.

BRIDGES, J.—This suit involves a redemption from the sale of certain real estate under foreclosure of a mortgage.

In August, 1918, the defendant George B. Worley and Mark Odell and wife mortgaged to White & Bollard, a corporation, certain real estate in Mason county, in this state, to secure a promissory note in the sum of $3,500. About a month later the same parties gave a second mortgage to Louis B. Schmidt to secure a note for the sum of $3,500. Both mortgages were duly recorded. Sometime thereafter the White & Bollard note came due and they brought suit to foreclose the mortgage which secured it, making the mortgagors and the respondent in this case parties defendant. Prior thereto Louis B. Schmidt had died and respondent was appointed executor of his estate. Such proceedings were had in that suit as that a decree was entered foreclosing the mortgage and ordering the property sold. The decree established the mortgage as a first lien on the property and gave the respondent the right of redemption. In May, 1922, the property was sold by the sheriff of Mason county and the appellant H. C. McDonald was the purchaser at the sale, paying several thousand dollars.

After the sale was confirmed, the sheriff issued to Mr. McDonald his certificate of sale, which was duly recorded. Later the defendant Worley gave notice as

required by statute that he would redeem on May 26, 1923, at 10 o'clock a. m., that being the last day of the year of redemption. The respondent also gave notice that he would redeem at 2 o'clock in the afternoon of the same day. Respondent had knowledge that Worley had given notice to redeem and, being a resident of Olympia, made arrangements with the sheriff of Mason county to inform him whether Mr. Worley actually redeemed. At the time set, Mr. Worley gave to the sheriff his check on the Olympia National Bank for something over $5,000, being the amount necessary to redeem. The sheriff then issued to Worley a certificate of redemption, and at the same time notified the respondent that Worley had redeemed. As a result of this situation, respondent did nothing further concerning his redemption, because if Worley had redeemed, his second mortgage became a first lien.

The sheriff endorsed, without recourse, the Worley check to McDonald and forwarded it to him at his residence at Seattle, giving the information that the check represented the redemption money. McDonald at once returned the check to the sheriff, saying that he refused to accept it and demanded that he be paid in money. At the time this check was given there were but a few dollars in the Olympia National Bank to the credit of Mr. Worley, and the most that was to his credit for several weeks thereafter were some two hundred or three hundred dollars. It appears that, before the check was given, Mr. Worley had made some arrangements with another person to furnish him the money to take up the check, but for some reason that deal was not carried out. The sheriff notified Mr. Worley that Mr. McDonald would not accept the check but would require payment in money. Thereupon, by mutual consent, Mr. Worley surrendered to the sheriff the certificate of redemption that had been issued to

him, and the sheriff surrendered to Mr. Worley the check that had been given. Very shortly after these transactions Mr. McDonald learned that the respondent had given notice of redemption and wrote to both him and Mr. Worley extending the time for redemption for a definite period. Neither the respondent nor Mr. Worley took advantage of his opportunity. The appellant still holds his certificate of sale and has never received any money on account of it.

The whole matter stood in this situation until the latter part of December, 1923, which was some seven months after the year for redemption had expired, when the respondent brought this suit to foreclose his mortgage, alleging that his rights under it were superior and senior to any rights of any of the defendants, who were the mortgagors and McDonald. The latter answered, setting up the facts we have stated and asking that the respondent be denied the right to foreclose, and that, in any event, the court adjudge that his, McDonald's, interest in the property was superior to that of the respondent. After a trial which brought out the facts we have stated, the court entered a decree adjudging the respondent's mortgage to be senior and superior to any rights or interest of McDonald, foreclosed the mortgage and ordered the property sold. It is from this decree that McDonald and wife have appealed.

The first question to be determined is whether, under the facts, there was a legal redemption made by Mr. Worley.

The rule laid down by the older authorities is to the effect that a check given by the redemptioner is insufficient to accomplish a redemption and that nothing but money will serve that purpose. As time went on and the use of checks became more general, the courts have relieved the old rule of some of its strictness.

The rule of the modern authorities is that, if a check be given by the redemptioner and it is accepted by the purchaser, or if the latter does not give timely notice of his refusal to accept it, then it must be considered as equal to cash and a redemption will have been made; but that the purchaser has a right to refuse to accept the check and has a right to demand that he be paid in money, and if he seasonably refuse the check and demand money, no redemption will be made until the money is paid. *North Dakota Horse & Cattle Co. v. Serumgard,* 17 N. D. 466, 117 N. W. 453, 29 L. R. A. (N. S.) 508, and cases there cited; *Tharp v. Kerr,* 141 Iowa 26, 119 N. W. 267; *Hooker v. Burr,* 137 Cal. 663, 70 Pac. 778; *Lytle v. Etherly,* 18 Tenn. 290; 19 R. C. L. 648; 27 Cyc. 1830. We have no doubt concerning the soundness of this rule.

Immediately upon receiving the check involved in this case, the appellant refused to accept it, returned it to the sheriff and demanded cash. This he unquestionably had a right to do, and by so doing he brought himself within the rule of the authorities.

Respondent contends that there was some kind of conspiracy between Worley, the redemptioner, and McDonald, the holder of the certificate of sale, the purpose of which was to issue this check and thereby deceive the respondent and lead him not to redeem, and that because of this situation the giving of the check ought, in equity, to be considered a full redemption. There is nothing in the record to prove any such conspiracy. The testimony is to the effect that while Mr. Worley had told the appellant that he intended to redeem, and while the latter expected a redemption would be made, no arrangements whatever had ever been made between them concerning that matter and there had never been any agreement that Worley

should give his check in payment of the redemption money.

But there is another reason why no redemption was made. When the appellant refused to accept the check the attempted redemption was, by mutual agreement between the sheriff and Worley, the redemptioner, annulled, the check being returned to Worley and the certificate to the sheriff.

We are, therefore, of the opinion that no redemption has ever been made from the sale at which the appellant purchased.

The year for redemption has long since expired, and unless the situation is such as would justify us, on equitable principles, in extending the time to redeem on the part of the respondent, the appellant is entitled to have a sheriff's deed issued to him. The respondent now asks us to permit him to redeem, in the event we should hold that there has been no redemption. He bases his request on the fact that he had given notice of redemption and would have redeemed but for the fact that he was notified by the sheriff that Worley, the owner of the equity of redemption, had previously redeemed; that he was entirely innocent in the matter, and because of circumstances over which he had no control, he had been deprived of the right to redeem.

The statute provides that, for the period of one year immediately following a sale such as this, the person holding the equity of redemption or a subsequent lienor may redeem by paying the purchase price, together with taxes, etc. Redemption is not a matter of right but one of statutory privilege. In the absence of any redemption statute, the title to the property would vest in the purchaser immediately upon the sale being made. While the courts have been exceedingly slow to extend the statutory time, they have in a few instances and under strong and impressive equitable

situations done so. There seems to be a growing tendency on the part of the courts to hold that the statutory time for redemption should not be enlarged except where the redemptioner has been led to delay his intended redemption because of representations or fraudulent conduct on the part of the purchaser. Wilsie, Mortgage Foreclosures (3d ed.), § 1146; Freeman, Executions (3d ed.), § 316; *Cameron v. Adams*, 31 Mich. 426; particularly see note found in L. R. A. 1917E 637 *et seq.*, where nearly all the cases are collected. The late case of *Wade v. Major*, 36 N. D. 331, 162 N. W. 399, L. R. A. 1917E 633, is a notable exception. But the court there was badly divided on the question.

But it is not necessary that we here adopt one side or the other of this legal controversy, because it is plain to us that the respondent has not brought himself within the rule of any of the authorities holding that an extension of time to redeem may be given.

If we assume that, in the first place, there were sufficient equities in respondent's behalf to justify us in enlarging the time within which he might redeem, he has, by his subsequent conduct and by his failure to seasonably act upon those equities, forfeited them and is not now in position to invoke them. If he wanted to redeem and his desires had been frustrated because of a situation over which he had no control and because of facts for which he was not responsible, it was his duty to proceed with due diligence to enforce his rights, or, at least, offer to enforce them by expressing a willingness and by making an effort to redeem. He has at all times acted to the contrary. He refused to take advantage of the extension of time given him by the appellant. He did nothing looking towards the enforcement of his rights until six or seven months after the year for redemption had expired,

when he brought suit to foreclose his own mortgage, claiming it to be a first lien and insisting that there had been a previous lawful redemption. Even now, nearly two years after the time to redeem has expired, he is still insisting, not that he wants to redeem and is deprived of that right, but that there is no redemption to be made because that undertaken to be made by Mr. Worley was complete. Even now he asks us to enlarge his time of redemption only on condition that we hold that the prior effort in that direction failed.

We must remember that the appellant has some rights here. He has done nothing to mislead the respondent. The statute expressly gives him the right to a sheriff's deed at the end of one year from the time of the sale. Under these circumstances, we cannot see our way clear to now enlarge the statutory period of redemption, although we might have been disposed, in the first place, to have so done.

In the case of *Tharp v. Kerr, supra,* discussing this case, the court said:

"If plaintiff had been misled by mistake and was entitled to equitable relief against the sheriff's deed by reason thereof, then under the most elementary rule of equity the holder of the sheriff's deed was entitled to prompt notification of this mistake, and to the immediate offer of redemption and a tender of the amount necessary therefor. . . . The plaintiff could speculate upon his right to equitable relief against the mistake, and could not keep it as a continuing right to exercise or abandon in the future as he might see fit without first committing himself unreservedly to an offer and tender of redemption. To hold otherwise would be to enable the plaintiff to extend the year of redemption, not only by December 15, but to an indefinite time thereafter."

We are of the opinion—

(1) That Worley did not make any redemption.

(2) That the respondent is not entitled to have the statutory time for redemption extended so that he may now redeem.

(3) That the appellants are entitled to a sheriff's deed.

The judgment is reversed.

TOLMAN, C. J., PARKER, MAIN, and ASKREN, JJ., concur.