[No. 24716.   Department Two.   November 17, 1933.]

F. M. ROBERTS, *Appellant,* v. THE STATE OF
WASHINGTON, *Defendant.*

PATRICK A. BOYCE, *Respondent,* v. THE STATE OF
WASHINGTON, *Defendant,* WASHINGTON LETTUCE
GROWERS, INC., *et al., Appellants.*[1]

*Weter, Roberts & Shefelman,* for appellants.

*Wright & Wright (Felix Rea,* of counsel), for respondent.

GERAGHTY, J.—The facts in this case are not in dispute. Washington Lettuce Growers, Inc., being the owner of two hundred acres of land, subject to a mortgage held by Patrick A. Boyce, on February 20, 1931, leased the same to the state of Washington for a term commencing on that date and ending December 31,

[1]Reported in 26 P. (2d) 903.

1932, at an agreed money rental. The land was used for farming purposes. The lease provided that the state should, out of the rental, pay certain taxes and interest on the Boyce mortgage, and pay the balance of the rent to the lessor on or before the end of the term. The state paid taxes and interest, leaving a balance of $1,753.50 unpaid on the rental.

On February 12, 1932, Washington Lettuce Growers, Inc., assigned its interest in the rent to F. M. Roberts to apply on a pre-existing debt. The state was notified of this assignment shortly after it was made. Boyce foreclosed his mortgage and bid in the land at sheriff's sale May 28, 1932. The state remained in possession until the expiration of the lease.

Thereafter, Roberts, claiming through his assignment, brought suit against the state for the $1,753.50 balance of the rent. A few days later, Boyce, in ignorance of the Roberts suit, brought a similar suit against the state. The two cases were combined for trial, and the state paid the money into the registry of the court and was dismissed from the action. Upon trial, the lower court held that Boyce was entitled to a lien upon the fund so deposited for rent accruing after the date of the sheriff's sale, at a rate per month arrived at by dividing the total rental by the number of months covered by the lease, and judgment was accordingly entered awarding Boyce $1,441.91. Roberts appeals.

Appellant bases his claim to the whole sum upon Rem. Rev. Stat., § 602, which follows:

"The purchaser from the day of sale until a resale or redemption, and the redemptioner from the day of his redemption until another redemption, shall be entitled to the possession of the property purchased or redeemed, unless the same be in the possession of a tenant holding under an unexpired lease, and in such case shall be entitled to receive from such tenant the

rents or the value of the use and occupation thereof during the period of redemption: *Provided,* That when a mortgage contains a stipulation that in case of foreclosure the mortgagor may remain in possession of the mortgaged premises after sale and until the period of redemption has expired the court shall make its decree to that effect and the mortgagor have such right: *Provided, further,* That as to any land so sold which is at the time of the sale used for farming purposes, or which is a part of a farm used, at the time of sale, for farming purposes, the judgment debtor shall be entitled to retain possession thereof during the period of redemption and the purchaser or his successor in interest shall if the judgment debtor do not redeem have a lien upon the crops raised or harvested thereon during the period of such possession for interest on the purchase price at the rate of six per cent per annum during the period of possession and for any taxes with interest: *And, provided further,* That in case of any homestead selected in the manner provided by law and occupied for that purpose, at the time of sale, the judgment debtor shall have the right to retain possession thereof during the period of redemption without accounting for issues or value of occupation.''

Appellant contends that he is entitled, under his assignment, to the whole of the rental paid by the state of Washington, and that the respondent's recourse is under that proviso of § 602 which reads:

'' . . . that as to any land so sold which is at the time of the sale used for farming purposes, or which is a part of a farm used, at the time of sale, for farming purposes, the judgment debtor shall be entitled to retain possession thereof during the period of redemption and the purchaser or his successor in interest shall if the judgment debtor do not redeem have a lien upon the crops raised or harvested thereon during the period of such possession for interest on the purchase price at the rate of six per cent per annum during the period of possession and for any taxes with interest.''

This is a novel contention, and would lead to absurd and unjust results. In the present case, the state of Washington, after having paid the stipulated cash rental, would, under such a construction, have its crop subjected to a lien for a second payment of the stipulated rental; indeed, of a much larger sum, since, if the proviso is controlling, the crop harvested would be liable for interest on the whole of the purchase price with any taxes paid and interest thereon. In this case, it is admitted that interest on the purchase price would be greater than the whole of the sum on deposit in court. The first sentence of § 602 is decisive of the controversy in this case:

"The purchaser from the day of sale until a resale or redemption, and the redemptioner from the day of his redemption until another redemption, shall be entitled to the possession of the property purchased or redeemed, unless the same be in the possession of a tenant holding under an unexpired lease, and in such case shall be entitled to receive from such tenant the rents or the value of the use and occupation thereof during the period of redemption . . ."

We do not agree with appellant that the proviso first quoted modifies the rule established in this first sentence of the section. The first sentence refers to the possession of the tenant; the later proviso to the possession of the judgment debtor.

Appellant quotes from the case of *McNulty v. Dean*, 154 Wash. 110, 281 Pac. 9, 66 A. L. R. 1417, where Judge Fullerton, speaking for the court, said that the possession of a tenant was technically the possession of the landlord. That was a case, however, where the tenant was to pay a share of the crop, and it developed —the reverse of the fact in this case—that the landlord's share of the crop would amount to more than interest on the purchase price and taxes. The share

of the crop reserved for rental was sold and the money deposited in court. Out of the fund, the purchaser was awarded a sum equal to interest on the purchase price and the amount of taxes paid, with interest, the balance of the fund being awarded to the landlord— the judgment debtor.

The facts in that case, where the judgment debtor and tenant were jointly interested in the crop, might warrant the holding of the court as to the occupancy of the landlord. We do not think the conclusion the court reached in that case is controlling in this case, where the tenant was in possession under a lease stipulating a cash rental. In the *McNulty* case, the purchaser received the utmost that he was entitled to under the law, and any overplus left from the proceeds of the crop rental belonged of right to the judgment debtor.

The judgment will be affirmed.

BEALS, C. J., BLAKE, TOLMAN, and HOLCOMB, JJ., concur.