MEYERS *v.* ERMOLIK.

1. INTERPLEADER—AFFIRMATIVE RELIEF TO A DEFENDANT—CROSS BILL.

On bill in nature of interpleader by purchasers under land contract against vendor and parties claiming to be assignees of a mortgagee, it was proper for trial court to adjudicate the rights of all, including controversies between defendants on pleadings as they existed, and grant affirmative relief to mortgagee's assignees notwithstanding they had filed no cross bill (Court Rule No. 22, § 1 [1933]).

2. EVIDENCE—SELF-SERVING STATEMENTS—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

Evidence that deceased mortgagor of property that had been sold to plaintiffs had made statements to various people that the property was unincumbered subsequent to execution of mortgage to other interpleaded defendants was properly excluded because self-serving, although trial court disallowed it on the ground it pertained to matters equally within the knowledge of deceased (3 Comp. Laws 1929, § 14219).

3. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED—WAIVER.

Testimony as to matters equally within knowledge of deceased mortgagor that was elicited from mortgagee's assignees by counsel for administratrix of deceased mortgagor's estate was properly received, since such action operated as a waiver of the statutory prohibitions (3 Comp. Laws 1929, § 14219).

4. INTERPLEADER—PLEADINGS—EVIDENCE.

Under bill in nature of interpleader, brought by purchasers under land contract against administratrix of estate of deceased vendor who had mortgaged property to assignor of other defendants, admission of testimony as to existence and status of note and mortgage securing it was not reversible error, notwithstanding assignees had made general answers only and pleadings did not bring statutory foreclosure of the mortgage before the court for consideration, where bill of complaint itself raised matter of existence of such note and mortgage.

5. MORTGAGES—REDEMPTION—POSSESSION.

During the running of the redemption period, the mortgagor is ordinarily entitled to possession and the rents and profits from the mortgaged premises.

6. SAME—INTEREST ON LAND CONTRACT DURING REDEMPTION PERIOD.

Holder of vendor's interest of property subject to a mortgage *held,* entitled to such part of money paid into court by purchasers under land contract, who had filed bill in nature of interpleader against vendor and mortgagee's assignees, as represented interest payable under land contract during redemption period under foreclosure sale under mortgage.

7. INTERPLEADER—MORTGAGES—FORECLOSURE—LAND CONTRACT.

In equity suit commenced by bill in nature of interpleader by purchaser under land contract against vendor and assignees of latter's mortgagee where court found mortgage valid as to mortgagor but subject to rights of plaintiffs as contract vendees and that a greater amount was due under mortgage than land contract, the mortgagor's interest was terminated and statutory foreclosure was properly permitted to continue.

8. SAME—MONEY PAID INTO COURT—COSTS—INTEREST—PRINCIPAL.

Under bill of interpleader by land-contract vendees against vendor and mortgagee's assignees, plaintiffs are awarded circuit court costs out of money they had paid into court and the mortgagor's administratrix the balance of interest paid into court, the remainder of the funds paid into court being payable to mortgagee's assignees.

9. SAME—COSTS—CIRCUIT COURT—SUPREME COURT.

Under bill of interpleader, neither defendant is permitted to tax circuit court costs against the opposite party in the circuit court but prevailing party in Supreme Court is permitted to tax costs of appeal against other defendants.

Appeal from Wayne; Smith (Frank Day), J. Submitted January 6, 1942. (Docket No. 8, Calendar No. 41,778.) Decided April 6, 1942.

Bill by Harold W. Meyers and wife against Matilda Ermolik, special administratrix of the estate of John B. Smitting, deceased, and executrix and residuary legatee under the will of John B. Smitting, deceased, and William Henry Caswell and wife

to require them to interplead so as to settle property rights. Decree for defendants Caswell. Defendant Ermolik appeals. Modified and affirmed.

*Edward A. Elsarelli* (*S. Theodore Kotelly,* of counsel), for defendant Ermolik.

*Caswell & Pacernick* (*Frank W. Atkinson,* of counsel), for defendants Caswell.

CHANDLER, C. J. Plaintiffs filed their bill in the nature of interpleader, alleging that on or about May 7, 1938, they entered into a contract to purchase certain premises in the city of Detroit from John B. Smitting, since deceased, defendant Ermolik being the executrix under his will, and that the said Smitting represented the property so purchased to be free and clear from all incumbrances. The bill further alleged that since the death of said Smitting, payments under the contract had been made to defendant Ermolik as executrix. Also, that defendants Caswell were claiming that on May 7, 1932, the said Smitting executed a promissory note in the amount of $8,400 to Clara N. Caswell, and gave as security therefor a mortgage covering the premises in question, which mortgage was recorded on or about August 23, 1939, and subsequently assigned to defendants Caswell by an instrument dated August 30, 1939.

The bill also alleged that thereafter, on September 23, 1939, defendants Caswell commenced foreclosure of said mortgage by advertisement.

Continuing, the bill alleged that defendant Ermolik was insisting that she was entitled to collect the proceeds of the land contract, and that the mortgage from Smitting to Caswell, having been obtained by fraud and deceit practiced upon Smitting in his lifetime, was null and void; that defendant

Ermolik had notified plaintiffs to make the payments becoming due under the land contract to her, whereas defendants Caswell had notified plaintiffs to the contrary.

The bill concluded with a prayer that the court adjudicate the relative equitable standing of the land contract and mortgage; that defendants be interpleaded so that their respective claims and demands might be adjusted; that the Caswells be restrained from continuing with the foreclosure of the mortgage during the pendency of the suit; and that they have leave to make payments becoming due under the contract to the court, to be disbursed subject to the order of the court upon determination of the issues involved.

Defendant William Henry Caswell answered, asserting, among other things, that plaintiffs had actual knowledge of the existence of the mortgage prior to execution of the land contract. He denied that he had any knowledge of the contract at the time of recording the mortgage, denied fraud in the execution thereof, and claimed that he and defendant Dorothy C. Caswell were entitled to receive the payments under the contract. The answer terminated with a "prayer" that the temporary injunction be dissolved and that he be permitted to proceed with the foreclosure of the mortgage and that, "an order or interlocutory decree be entered, setting forth the amount now due and owing on the mortgage and compelling the said plaintiffs to pay the same to William Henry Caswell and Dorothy C. Caswell, his wife, under the terms as set forth in the alleged land contract between John B. Smitting and the plaintiffs. If the court finds that the alleged land contract has been paid down to the balance due on the mortgage, then a decree should be entered compelling the executrix to execute a

deed in pursuance of land contract, to the plaintiffs, subject, however, to the balance due on the mortgage as determined by this court."

Defendant Ermolik filed an answer, admitting the material allegations of plaintiffs' bill of complaint. She denied the execution of the mortgage by her decedent, or in the alternative, that if it was executed by him, such execution was obtained by fraud and subterfuge. She also filed a cross bill, praying that the mortgage in question be found to be null, void, and a cloud on the title, and that the same be cancelled and said cloud removed. The answer of defendant William Henry Caswell thereto affirmed the validity of the mortgage.

Defendant, Dorothy C. Caswell, also answered plaintiffs' bill of complaint as well as the cross bill of defendant Ermolik.

After hearing, the court entered a decree finding that defendant Ermolik had failed to sustain her charges of fraud in the execution of the note and mortgage and that the same was a valid lien against any interest the estate of John B. Smitting might have in the premises; and that plaintiffs were innocent purchasers, for a valuable consideration, without notice of the existence of the mortgage. The decree dismissed the cross bill of defendant Ermolik, found the amount due on the mortgage to be $8,400, with interest from May 7, 1937, or a total of $10,409.55 to August 13, 1940, the date of the decree, found the land contract to be superior to the mortgage, and the balance due on said contract to be $7,544.52 as of the date of the filing of the bill of complaint. The decree further provided that all payments made to the clerk of the court, prior to and subsequent to the entry of the decree, should be delivered to defendants Caswell at the expiration of the redemption period in the event defend-

ant Ermolik failed to redeem; and that, in the event that no such redemption was made, upon the expiration of said period, defendant Ermolik, or her successor, should assign said contract to defendants Caswell; and that upon payment of the balance found by the court to be due under the contract, plaintiffs should have a conveyance of the premises from defendants.

From the decree so entered, this appeal is taken.

It is first claimed by appellant that the court was without authority to grant affirmative relief to defendants Caswell in the absence of a cross bill filed by them. See Court Rule No. 22, § 1 (1933).

The gist of the pleadings filed is above set forth. The parties were before the court and it was proper, in our opinion, for him to adjudicate the rights of all, including controversies between defendants, on the pleadings as they existed. To do so, it was necessary for him to grant the relief he did to defendants Caswell. See *Thurston* v. *Prentiss*, 1 Mich. 193; *Hanchett* v. *McQueen*, 32 Mich. 22; *Scripps* v. *Sweeney*, 160 Mich. 148; *Rubenstine* v. *Powers*, 215 Mich. 434.

On the trial, appellant offered the testimony of a witness, a real-estate agent, to show that subsequent to the date of the mortgage, the deceased had offered the property for sale through him and had told the witness that it was free from incumbrances. Similar testimony which, if admissible, would have tended to prove that deceased did not execute the mortgage, was offered through an insurance agent who proposed to testify that deceased had stated the premises to be free from incumbrances in connection with an application for fire insurance made subsequent to the execution of said mortgage. This proffered testimony, as well as testimony of the plaintiff, Harold W. Meyers, was not allowed on the

ground that it pertained to matters equally within the knowledge of John B. Smitting, since deceased.*

Although the court gave the wrong reason for excluding the testimony of these witnesses, it was inadmissible in any event as the proffered testimony was mere self-serving declarations to dispute the execution of an instrument which had already been established in evidence. For the same reason, similar testimony of defendant Ermolik was properly excluded. See *Freda* v. *Tishbein,* 174 Mich. 391 (49 L. R. A. [N. S.] 700); *In re De Spelder's Estate,* 181 Mich. 153; *Walsh* v. *Backus,* 183 Mich. 527.

Defendant Caswell testified relative to the execution of the mortgage and the terms thereof. It is claimed that this testimony was inadmissible because it pertained to matters equally within the knowledge of the deceased. The record shows that this testimony was elicited by appellant's counsel who called the witness for cross-examination. Such action operated as a waiver of the statutory prohibitions. *Geisel* v. *Burg,* 283 Mich. 73.

Appellant further claims that it was error to take testimony as to the existence and status of the mortgage and note in the absence of pleadings filed by defendants Caswell which would bring the statutory foreclosure of the mortgage before the court for consideration, the pleadings filed by said defendants being general answers only. We fail to find this claim to be a ground for reversal. The existence of the note and mortgage was raised at the outset by plaintiffs' bill of complaint. Testimony as to the existence thereof was necessary and proper thereunder. The court adjudicated the rights of all parties in interest and was not in error in admitting such testimony.

---

* See 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914).— Reporter.

The decree impounded all payments made on the land contract pending the expiration of the redemption period, the same to be turnèd over to the Caswells in the event the redemption was not effected.

During the running of the redemption period, the mortgagor is ordinarily entitled to possession and the rents and profits from the mortgaged premises. See *Nusbaum* v. *Shapero,* 249 Mich. 252; *Wagar* v. *Stone,* 36 Mich. 364; *Massachusetts Mutual Life Insurance Co.,* v. *Sutton,* 278 Mich. 457. During this period appellant was entitled to receive that portion of the payments made on the contract which represented interest, the same being comparable to rents and profits to which the mortgagor was entitled. Of the amount paid into court by plaintiffs approximately $692 represented interest on the contract during the redemption period and for a period immediately preceding the commencement of the foreclosure proceeding.

Lastly, appellant complains because the trial court permitted the foreclosure of the mortgage by advertisement to continue in view of the finding that plaintiffs were innocent purchasers without notice of said mortgage. We fail to see how appellant has been prejudiced. The court found that as to appellant, as executrix, the mortgage was valid and the record reveals no reason for disturbing this finding. The only attack made upon the mortgage and note by appellant was based upon her claim that said instruments were not executed by decedent, and if they were, such execution and delivery was obtained by fraud. The court found against appellant on these points. Had he found to the contrary thereon, he could undoubtedly have amply protected any rights appellant had. As the case developed, however, there was no reason for interfering with the statutory foreclosure.

Except as above noted, the interest of the mortgagor's estate is entirely terminated and the mortgagee is entitled to delivery of the sheriff's deed on the statutory foreclosure and to title thereunder subject to the rights of plaintiffs as contract vendees.

We find that the money paid into court by plaintiffs should be disposed of as follows: plaintiffs shall be paid out of this fund their taxable costs in the circuit court, the executrix of the estate of the mortgagor shall be paid from said fund the sum of $692 less the amount of the circuit court taxable costs paid to plaintiffs, and the balance of the money shall be paid to the defendant mortgagees' assignees.

We determine that neither of the defendants shall tax costs against the opposite party in the circuit court, but that inasmuch as the appellant has prevailed on this appeal to the extent of the moneys paid into court representing interest immediately preceding and during the redemption period, she may tax the costs of this appeal against the defendants Caswell.

The decree as modified by this opinion is affirmed.

BOYLES, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.