No. 36,365

GEORGE L. HAY, *Appellant,* v. W. B. CRAWFORD and D. D. HARRINGTON, *Appellees.*

(158 P. 2d 463)

Opinion filed May 5, 1945.

*S. S. Alexander,* of Kingman, argued the cause, and *George L. Hay,* pro se, and *Leo S. Hay,* of Lubbock, Tex., were on the briefs for the appellant.

*J. S. Brollier,* of Hugoton, argued the cause for the appellees.

The opinion of the court was delivered by

HOCH J.: This was an action to partition real estate and to impress a lien upon the defendant's interest for half of certain delinquent taxes which had been paid by the plaintiff. Partition, acceptable to both parties, was made and that part of the judgment is not now in controversy. The lien sought by the plaintiff was denied, and he appeals.

The material facts, set out in findings by the trial court, are not in dispute. The recital will be shortened by omitting some of the facts which are merely incidental to the history of the case.

In 1927 W. H. Horn and wife secured a debt by giving a mortgage for $7,200 on a section of land in Stevens county. Horn died intestate leaving as his heirs his widow and five children. Upon the death, in 1934, of the holder of the mortgage it came into the hands of W. B. Crawford, the appellee, as administrator of the mortgage holder's estate. In 1942 Crawford brought action to foreclose the mortgage. The widow had remarried and was then Clara E. Malone. One R. M. Tilden had become the record title holder of her

half interest in the land. On March 23, 1942, personal judgment for $17,400 was entered against Clara Malone and the mortgage was foreclosed as to her—or Tilden's—undivided one-half interest. The court—for reasons not shown in this record- and immaterial here—refused to foreclose as to the undivided one-half interest of the five children, but did impress a lien of several hundred dollars in favor of the plaintiff upon their interest, on account of certain delinquent taxes which had been paid by the plaintiff as holder of the mortgage. Under facts unnecessary to relate, that lien has passed out of the controversy and may be disregarded.

On April 8, 1942, the county brought action to foreclose taxes delinquent on the whole section, such taxes being listed separately as to each quarter section. On August 8, 1942, judgment was entered in the tax foreclosure action, and tax liens amounting to $1,006.12 were impressed upon the two quarters comprising the north half of the section and liens amounting to $1,191.87 were impressed upon the two quarters comprising the south half. The prior mortgage foreclosure judgment was declared a second lien as to the undivided interest formerly owned by the widow, but not as to that of the five children. The children were declared to hold an undivided one-half interest in fee simple, subject only to the tax liens.

On August 28, 1942, the five children conveyed their undivided interest to George L. Hay, the appellant here. Thus, when the taxes here involved were paid Hay and Tilden each held record title to an undivided one-half interest in the section, subject to the liens above noted.

On September 5, 1942, Hay paid personally the taxes due under the tax foreclosure judgment on the north half of the section and discharged the lien.

On September 18, 1942, Tilden presented checks in payment of the delinquent taxes on the south half. The checks were made by Hay to the clerk of the district court, but Tilden directed that the receipts be made out to him, and that was done. Carbon copies of these receipts showing payment by Tilden were retained by the clerk, and an entry was made in the appearance docket showing redemption on the south half by Tilden. Tilden sent the receipts to Hay, who then mailed them back to the clerk with the request that his name be substituted for that of Tilden. The returned receipts were not personally received by the clerk but were received by the deputy, who erased the name of Tilden and inserted the name of Hay and then

mailed them back to Hay. No change was made in the carbon copies that had been retained by the clerk nor was any change made in the appearance docket showing redemption on the south half of the section by Tilden. Crawford, the appellee here, did not know that these receipts had been changed to show payment by Hay instead of by Tilden until they were introduced in evidence in the instant action.

On September 21, 1942, Crawford caused an order of sale to be issued in the mortgage foreclosure action. On October 28, 1942, the date fixed for the sale, the widow's one-half interest—then held of record by Tilden—was sold to Crawford and three other parties for $12,000, which amount was credited against the judgment, leaving a deficiency judgment of $5,400 which has not been paid. A certificate of purchase was issued to the four purchasers and by subsequent assignment from the other three Crawford became the sole holder of the certificate.

On November 6, 1942, the mortgage foreclosure sale was confirmed, with a redemption period of eighteen months. In the mortgage foreclosure action, as well as in the tax foreclosure action, Hay represented Clara Malone, Tilden, and the five children, and as such approved the journal entry confirming the sheriff's sale. The journal entry recited that all taxes on the property and the costs had been fully paid.

On December 24, 1942, Hay paid the 1940 taxes on the section, amounting to $89.63.

On December 22, 1943—more than fifteen months after the taxes in question had been paid and the tax liens discharged, and about thirteen and a half months after the mortgage foreclosure sale to Crawford had been confirmed—Hay began the instant action against Crawford. He asked that the section be partitioned and that he be given a lien on the defendant's undivided one-half interest "for said sum of $1,093.51 (being one-half of the delinquent taxes theretofore paid as recited) with interest thereon at the rate of ten percent per annum, totaling at this time the amount of $1,229.79." At this point it may be noted that one Harrington was also named as a defendant. He was the holder of an oil and gas lease, whose rights, admitted by both parties, are not in controversy here.

On April 29, 1944, one day after the period of redemption expired, sheriff's deed was delivered to Crawford. The deed recited a conveyance of an undivided half interest in fee simple. The validity of the deed has not been attacked, unless the instant action, pre-

viously begun, be regarded as a collateral attack upon its recital that the interest conveyed was free from tax or other liens.

The issues here presented were joined by appropriate pleadings. In harmony with an agreement between the parties the section was partitioned, the north half going to appellant Hay and the south half to appellee Crawford, with an owelty of $225 charged to Hay to equalize values. We are advised that the parties went into possession of their respective tracts.

In addition to the facts heretofore recited the trial court found that Hay had been in possession of the land during and prior to the period of redemption and had collected rents in a total amount of $1,676.44, and that there was still due and uncollected from the farm tenants $450 which had accrued prior to April 28, 1944, when the period of redemption expired. The court also specifically found that appellant, in order to protect his interest, had "redeemed the land in question from tax foreclosure before the property had been sold in the mortgage foreclosure action," but that "he did not ask to be subrogated to the lien of the county until all crop rentals that could accrue during the period of redemption had accrued." The court also found that "Hay has never filed any notice of payment of tax liens or tax lien judgments or claim for contribution, either in the mortgage foreclosure or tax foreclosure actions."

The trial court's conclusions of law were:

"1. A tenant in common who redeems land from a foreclosure tax sale may be subrogated to the lien of the County Commissioners if such subrogation would be in harmony with justice and equity.

"2. A tenant in common who may be entitled to subrogation as above described is in duty bound to assert such right promptly.

"3. The plaintiff in this case having made final redemption from the foreclosure suit of September 18, 1942, who was attorney for the other tenants in common in said suit, gave no notice and made no application to be subrogated to the lien of the County Commissioners for more than one year after said land had been sold at mortgage foreclosure sale, during which time plaintiff collected nearly all the rents accruing from the crops matured on the land during the period of redemption, is not in equity entitled to subrogation, at the expense of the successor to the other holders of the mortgage who has since become the other tenant in common through purchase of the interest of the other holders of the mortgage and certificate of purchase, without notice of plaintiff's claim of the right of subrogation.

"4. Subrogation in the instance should be and hereby is denied."

Plaintiff moved for judgment on the findings of fact and also filed other motions not necessary to note, and a motion for a new trial, all of which were overruled. This appeal followed:

Appellant's contentions may be summarized as follows:

(a) A cotenant who pays in full the taxes assessed against the whole tract is entitled to contribution from his cotenants and to be subrogated to the tax lien of the county upon the interest of his cotenants;

(b) Neither the judgment creditor in a mortgage foreclosure action nor the holder of a certificate of purchase is entitled to rents and profits from the land during the period of redemption;

(c) Actions for contributions and subrogation, based on implied contracts, are not barred under the statute of limitations until after three years;

(d) Where defendant in such an action relies upon laches of the plaintiff such laches must be pleaded and proved;

(e) Lapse of time alone, without prejudice to the rights of the adverse party, does not constitute laches;

(f) A cotenant who pays taxes under circumstances shown here is under no obligation to give notice of his claim to contribution and subrogation.

Appellee replies that he was not a cotenant of appellant at any time prior to the execution of sheriff's deed to him on April 29, 1944; that neither as a mortgagee nor as judgment creditor, nor as holder of a certificate of purchase did he have any duty to pay taxes; that the appellant represented the defendants and approved the confirmation of sale in the mortgage foreclosure action, wherein the decree recited that all taxes had been paid, and that he did not at that time, nor since then prior to this action, make any claim to contribution or assert any right of subrogation on account of taxes paid by him; that as successor in interest of defendants in the foreclosure action he cannot now assert such a lien; that under all the facts disclosed it would be inequitable to impress the lien sought by appellant.

Appellant's first contention embodies well-established law—the right of a cotenant who discharges their common obligations to have contribution from his cotenants, and to be subrogated to the creditor's rights against them. But was appellee a cotenant at any time prior to April 29, 1944, when he received the sheriff's deed? It is clear that he was not—either as a mortgagee or as a judgment creditor, or as holder of the certificate of purchase. A primary and essential characteristic of cotenancy is right of possession. (62 C. J. 409; 14 Am. Jur. 87.) No citation of authority is necessary to sup-

port the statement that appellee was not entitled to possession as mortgagee or as holder of the judgment in the mortgage foreclosure action. That is equally true, as holder of the certificate of purchase. What may appear to be a statement to the contrary appears in 62 C. J. 415, where it is said: "Purchase on foreclosure of a mortgage on a share of a tenant in common makes the purchaser a tenant in common with the other owners." But examination of the cases cited in support discloses that in every one of them the purchaser was entitled, at the times involved, to possession. Under our statute appellee, as purchaser, had no right to possession during the period of redemption (G. S. 1935, 60-3439) and he held no legal title until he received the sheriff's deed. (For collection of Kansas cases see *Jones v. Wakeeny State Bank,* 100 F. 2d 879, 883.) Likewise it is elementary that both under the law and the ordinary terms of a mortgage it is the duty of the mortgagor and not of the mortgagee to pay the taxes. As has frequently been pointed out, this rule rests, in part at least, upon the proposition that the mortgagor has a duty to protect the security represented by the mortgage. (*Waterson v. Devoe,* 18 Kan. 223, 233.)

When appellant paid the taxes his cotenant was the owner of the other undivided half interest—Clara Malone or Tilden. Whether, under the facts disclosed, he could have enforced contribution from them for their share of the taxes we are not called upon to determine. At any rate the title holder, and not appellee, being entitled to possession and to a proportionate share of the rents, was the cotenant of appellant even during the period of redemption. Accordingly, the rule invoked by appellant is not applicable here.

In this connection it is also pertinent to note that when the taxes on the south half of the section were paid Tilden held record title to an undivided one-half interest. The official record showed that he paid the taxes and the trial court's undisputed finding was that appellee did not know that the receipts had been changed until they were introduced in evidence.

In support of his first contention appellant calls attention to sections 60-2114, 79-419, 79-426 and 60-3437 of G. S. 1935. None of these statutes is helpful on the point. Section 60-2114 provides, in substance, that in an action in partition the trial court shall have power to make such orders as may be necessary to make a just and equitable partition and to secure the respective interests of the par-

ties. In the opinion of the trial court the judgment entered fulfilled that function. Section 79-419 provides for proper apportionment of taxes among the various parts of a tract which is partitioned, and in case of sale for discharge of tax liens out of the proceeds of the sale. The taxes here at issue had been paid and the liens discharged more than fifteen months prior to the beginning of this action and in the meantime no claim of any sort had been filed by appellant. Section 79-426 relates to land owned by two or more persons and provides for contribution in case one owner pays the taxes for which the others were also liable, and for a lien to enforce such contribution. Appellee not being an owner when the taxes were paid the section is not applicable. Section 60-3437 provides for contribution as between judgment debtors and is not applicable here. Moreover, in order to claim contribution, under the statute, from the other judgment debtors the one paying the judgment must, within ten days after payment, file with the clerk a notice of his payment and claim to contribution. Appellant filed no such notice at any time.

Appellant's second contention that appellee was not entitled to any rents during the period of redemption calls for little comment. It is well settled not only that the right of redemption provided in our statute (G. S. 1935, 60-3438) includes the right to receive the rents, income, and profits during the period of redemption but that any provision in a mortgage which attempts to abrogate that right is void. (*Capital B. & L. Ass'n v. Ross,* 134 Kan. 441, 7 P. 2d 86, and cases cited.) But the reason for invoking the rule here is not apparent. Appellee received none of the rents during the period of redemption, and does not now claim—nor as far as the record shows did he at any time claim—any share in such rents. It is not disputed that appellant was in full possession and collected the rents up to the expiration of the period of redemption. We are not here concerned with any accounting as between him and his cotenants—equally entitled to possession—and there is nothing in this record to indicate that proper accounting, mutually satisfactory, was not had. Nor is any reason apparent why in such accounting the cotenant's share of the tax liability discharged by appellant should not have been charged against him. It is no answer to this to say—as appellant averred in his reply—that the value of his services as attorney for Clara Malone and Tilden in the mortgage foreclosure proceeding exceeded the value of the crop rentals which he received. Certainly the cotenant's share in the rents could not be made a

double offset—against both his tax liability and his debt for attorney's fees.

Appellant has shown no statutory right to contribution or lien. The other contentions which he makes will be resolved in a determination of the one substantial question remaining. That question is whether the trial court erred in holding that under all the established facts appellant was not entitled, under the general doctrine of subrogation, to a lien upon appellee's interest.

Briefly, by way of summary, what were those facts? Appellant, then owner of a half interest in the section, paid the taxes personally on two quarter sections—somewhat less than half of the total taxes due on the section—on September 5, 1942. On September 18, 1942, Tilden, record owner of the other half interest, paid the taxes. on the other half. The facts relating to that payment, heretofore recited, need not be restated. On October 28, 1942, sale was made to appellee in the mortgage foreclosure action and on November 6, 1942, the sale was confirmed and certificate of purchase given. Appellant represented the defendants and approved the decree, which recited that all the taxes had been paid. He filed no notice that he claimed contribution. It was more than thirteen months later when, in this action, he first asserted the claim. No appeal had been taken from the mortgage foreclosure judgment and it had become final.

On April 29, 1944, sheriff's deed was executed to appellee, reciting conveyance in fee simple with no mention of tax liens. As far as this record discloses the validity of that deed has not been directly attacked in any way. Prior to delivery of the sheriff's deed to appellee the appellant had been in full possession and had collected rents in the amount of $1,425.86, with rents remaining due and uncollected in the amount of $450. As shown—fairly we think—by the appellee, one-half of the total amount—including that remaining uncollected when the court's findings were made—to which appellant's cotenant was entitled closely approximates the amount for which he now seeks a lien. In view of the fact that appellee still holds an unpaid deficiency judgment of $5,400 in the mortgage foreclosure action it cannot well be said that he was unduly enriched by payment of taxes which he had no duty to pay. The most that can be said is that if the taxes had not been paid his deficiency judgment might have been greater.

No general discussion of the broad subject of subrogation is here required. "Legal" subrogation—which appellant invokes, as distinguished from "conventional" subrogation which is founded on contract—is grounded in equity and arises by operation of law. (60 C. J. 694 *et seq.;* 50 Am. Jur. 678 *et seq.*)  But no rule can be laid down which will determine all cases. Its applicability is to be determined from the facts and circumstances of each particular case. (50 Am. Jur. 688 *et seq.;* 60 C. J. 705, 707.)  The trial court determined that on the facts of the case appellant was not entitled to a lien on appellee's interest.  We cannot say that the facts require a contrary conclusion.

In view of the conclusion just stated it is unnecessary to discuss contentions relating to the statute of limitations or to laches.  The burden was upon the appellant to establish his right to the lien.  The trial court concluded he had not done so.

We find no error and the judgment is affirmed.