**CLARK INVESTMENT COMPANY,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

**No. 19999.**

United States Court of Appeals
Ninth Circuit.

July 21, 1966.

Mark B. Clark, Ben Peterson, Pocatello, Idaho, for appellant.

John W. Douglas, Asst. Atty. Gen., Sylvan J. Jeppesen, U. S. Atty., Sherman L. Cohn, Martin Jacobs, Dept. of Justice, Washington, D. C., for appellee.

Before HAMLIN, DUNIWAY and ELY, Circuit Judges.

DUNIWAY, Circuit Judge:

The National Housing Act, 12 U.S.C. § 1701 et seq., subch. VI, 12 U.S.C. §§ 1736–1746a has, as one of its purposes, "to assist in relieving the acute shortage of housing * * * accommodations available to veterans of World War II at prices within their reasonable ability to pay * * *." 12 U.S.C. § 1738(a). It authorizes the Federal Housing Administration to insure mortgages given as security for loans made to persons who propose to create such housing. This case involves a loan so secured and insured under 12 U.S.C. § 1743.

Pocatello Heights Corporation is the mortgagor; First Security Bank of Idaho is the insured mortgagee; the property is located in Idaho. The mortgage insurance was obtained pursuant to detailed regulations promulgated under the authority of the Act, 12 U.S.C. § 1742. See 24 C.F.R. (1947 Supp.) §§ 580.1–580.37. They were followed here, and the printed forms prescribed by F.H. A. and the regulations were used. The Act gives the mortgagee, if there is a default, the option to assign the mortgage to F.H.A. or to obtain title to the mortgaged property and convey it to F.H.A. 12 U.S.C. § 1743(c). There was a default here, and the mortgagee bank chose the first option and assigned the mortgage to F.H.A. The Act also authorizes the Federal Housing Commissioner, when a mortgage is so assigned, to foreclose, 12 U.S.C. §§ 1713(k), 1743(f), and to purchase the property at the foreclosure sale. The Commissioner elected to foreclose and brought this action, in the name of the United States, for that purpose. Pocatello, the mortgagor, consented to the foreclosure.

The mortgage contains a clause assigning rents to the mortgagee in the event of default and providing in substance that the net rents are to be applied upon the mortgage debt. A receiver was appointed to collect them. Thereafter, a decree of foreclosure was entered, a sale was had, the Commissioner became the buyer, and a deficiency judgment was entered against the mortgagor.

The mortgage papers say nothing about a right or equity of redemption. The decree, however, contains the following provisions:

"that said Marshal, after the time allowed by law for redemption has expired, execute a deed to the purchaser or purchasers at said sale.

* * * * * *

"that the purchaser, or purchasers, of said mortgaged premises at such sale from and after the time of such sale until a redemption of said premises, shall have and receive from the tenant, or tenants, in possession the rents of said property, and the whole thereof, or the value of the use and occupation thereof."

Pocatello then gave a quitclaim deed to appellant Clark Investment Company. Within the time allowed by Idaho law, one year (Idaho Code § 11–402), Clark redeemed the property. It tendered the mortgage sale price, plus interest and costs, less the net rents collected by the receiver during the year. This was rejected, and it then tendered the price plus interest and costs, and a certificate

of redemption issued. It petitioned the court for an order that the receiver turn over the net rents to it. This the court declined to do, and it is from the court's order that this appeal is taken.

Clark relies entirely on a provision of Idaho law (Idaho Code § 11–407) which provides that the redemptioner is entitled to have the rents deducted from the redemption price. The trial court held that the applicable law is federal, and declined to apply this Idaho code section. We affirm.

1. It is too well settled to require extended discussion that federal law is here applicable. United States v. Shimer, 1961, 367 U.S. 374, 81 S.Ct. 1554, 6 L. Ed.2d 908; United States v. View Crest Garden Apts., Inc., 9 Cir., 1959, 268 F.2d 380.[1] Appellant urges that United States v. Yazell, 1966, 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404, and Brotherhood of Locomotive Engineers v. Chicago, R. I. & P. R. Co., 1966, 382 U.S. 423, 86 S.Ct. 594, 15 L.Ed.2d 501, require a contrary conclusion. *Yazell* expressly distinguishes such a case as this:

"Again, it must be emphasized that this was a custom-made, hand-tailored, specifically negotiated transaction. It was not a nationwide act of the Federal Government, emanating in a single form from a single source.[15]

"15. Contrast Clearfield Trust Co. v. United States, 318 U.S. 363, 63 S.Ct. 573, 87 L. Ed. 538. Compare also United States v. Helz, 314 F.2d 301 (C.A. 6th Cir.), arising under the National Housing Act, 48 Stat. 1246, 12 U.S.C. § 1702 et seq., which issues separate forms for each State but does not negotiate with individual applicants. See United States v. View Crest Garden Apts., Inc., 268 F.2d 380 (C.A. 9th Cir.), cert. denied, 361 U.S. 884, 80 S.Ct. 156, 4 L.Ed.2d 120."

*Brotherhood,* like the flowers that bloom in the spring, has nothing to do with the case.

2. As the cases that we have cited indicate, the federal courts, in fashioning applicable federal rules, can use or adopt state rules where no federal policy would be impaired. United States v. View Crest Garden Apartments, Inc., supra, 268 F.2d at 382–383. But we think that here, as in that case, the federal policy to protect the treasury and to promote the security of federal investments requires a uniform federal rule. There is a great diversity of rules in the various states.[2] The F.H.A. prescribed form of mortgage provides for application of the net rents to the mortgage debt.

---

1. See also: Clearfield Trust Co. v. United States, 1943, 318 U.S. 363, 376, 63 S.Ct. 573, 87 L.Ed. 538; United States v. Flower Manor, Inc., 3 Cir., 1965, 344 F.2d 958; United States v. Chester Park Apartments, Inc., 8 Cir., 1964, 332 F.2d 1, 3–4; United States v. Sylacauga Properties, Inc., 5 Cir., 1963, 323 F.2d 487, 491; United States v. Queen's Court Apartments, Inc., 9 Cir., 1961, 296 F.2d 534, 538; Penagaricano v. Allen Corp., 1 Cir., 1959, 267 F.2d 550, 558.

2. In a footnote to its brief, the government relates:
"The following list, while not exhaustive, is illustrative of the diversity: (1) the mortgagee has been held entitled to the rents where he has a deficiency judgment against the mortgagor in Illinois and Indiana (see First National Bank v. Illinois Steel Co., 174 Ill. 140, 51 N.E. 200; Russel v. Bruce, 159 Ind. 553, 64 N.E. 602, 65 N.E. 585); (2) the mortgagor has been held entitled to the rent in Iowa, Kansas, Michigan, Minnesota, and South Dakota (see Starits v. Avery, 204 Iowa 401, 213 N.W. 769; Hay v. Crawford, 159 Kan. 723, 158 P. 2d 463, 159 A.L.R. 388; Meyers v. Ermolik, 301 Mich. 284, 3 N.W.2d 276; Grady v. First State Security Co., 179 Minn. 571, 229 N.W. 874; Knudson v. Powers, 56 S.D. 613, 230 N.W. 282); (3) in New Mexico, Oregon, and Washington, the purchaser has been awarded the rents (see Ulivarri v. Lovelace, 39 N.M. 36, 38 P.2d 1114; Ulrich v. Lincoln Realty Co., 175 Or. 296, 153 P.2d 255; Roberts v. State, 175 Wash. 154, 26 P.2d 903); and (4) in Idaho and Montana, the purchaser is entitled to collect the rents during the redemption period but the redemptioner receives a credit to their extent against the redemption price (see Idaho Code (1948) § 11–407; Mont.Rev.Code (1964) § 93–5840). In still other states, e. g., New York, there is no right of redemption from the foreclosure sale at all."

3. The Idaho rule does not, in our opinion, accord with the federal policy. The principal parties involved are the mortgagor and the mortgagee, into whose shoes F.H.A. has stepped as an insurer. Application of the rents to the debt benefits both; the mortgagor's debt is reduced; the mortgagee is to that extent paid. The purchaser at the sale gets a title that is subject to defeasance by redemption. If, as in this case, he gets the purchase price plus interest, he is fully paid. That price, being one paid at a public sale, is presumably the market value of the property. Why should he also get the rents? The redemptioner need not redeem. If he does, why should he get the windfall of having the rents applied against the redemption price, and thereby get the property for less than the market value? Thus the rule adopted by the trial court best serves the federal policy.

Affirmed.