**MADISON PROPERTIES, INC., a corporation, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20806.**

United States Court of Appeals Ninth Circuit.

April 4, 1967.

Josef Diamond, Herman Howe, Lycette, Diamond & Sylvester, Seattle, Wash., for appellant.

Eugene G. Cushing, U. S. Atty., Michael Hoff, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

MERRILL, Circuit Judge:

Appellant seeks to redeem realty purchased by the United States at foreclosure sale following default on an F.H.A. insured mortgage.[1] The District Court ruled that federal law controls, but observed that there are no federal provisions establishing a right to redeem or procedures therefor. It recognized that it was the custom of the U. S. Marshal in the district to follow Washington state law, allowing redemption within a year after foreclosure sale, and that the sale in this case had referred to this custom.[2] It then ruled that the prescribed Washington procedures for redemption within a year had not been followed and that a differing federal rule would in no event be more generous than the state's. Accordingly redemption was denied. We agree.

It is well established that federal law controls. Clark Investment Co. v. United States, 364 F.2d 7 (9th Cir. 1966). While courts of equity have long recognized an equity of redemption in a mortgagor prior to foreclosure sale, any right of redemption after the sale is purely statutory. 9 Thompson on Real Property §§ 4822–3 (1958). Since there is no applicable federal statute extending redemption,[3] redemption in this case must depend on adoption of Washington law, either as the rule of decision,[4] or

---

1. The property is a large apartment complex in King County, Washington. It was constructed by Lakeshore Apartments, Inc., using a mortgage loan from the National Life Ins. Co., and insured by the F.H.A. pursuant to the National Housing Act, 12 U.S.C. § 1701 et seq. (1964). Lakeshore defaulted, and National Life assigned the mortgage to the Federal Housing Commissioner, who foreclosed. See Lakeshore Apartments, Inc. v. United States, 351 F.2d 349 (9th Cir. 1965). Appellant here is the assignee of a subsequent judgment lien creditor of Lakeshore.

2. The order of sale was "subject to such right of redemption as may be provided by law * * *." The notice of sale specified "that said sale is subject * * * to such rights of redemption as are provided by law." The return of sale by the Marshal specified "that said real property is subject to redemption pursuant to law in such cases made and provided." The sale as so made "and all proceedings had in respect thereto" were approved and confirmed by court order.

3. Where the United States is the junior lienor, 28 U.S.C. § 2410(c) (1964) requires that a one year right of redemption be granted as a condition of jurisdiction over the United States in a foreclosure proceeding. But this provision is made inapplicable to the National Housing Act by 12 U.S.C. § 1701k (1964).

4. As stated in Clark Investment Co. v. United States, 364 F.2d 7, 9 (9th Cir. 1966):

" * * * the federal courts, in fashioning applicable federal rules, can use or adopt state rules where no federal policy would be impaired."

because of the prior custom.[5] Accepting, arguendo, the District Court's judgment in this respect, we agree with the court that appellant has not complied with Washington procedures.

The foreclosure sale took place on December 4, 1964. On September 16, 1965, appellant notified the U. S. Marshal of its intent to redeem and demanded an accounting of rents, profits and expenses from operating the property. Receiving no response, appellant, on December 3, 1965, petitioned the U. S. District Court for an order requiring such an accounting and ordering redemption for the foreclosure sale price plus interest less net income. On January 4, 1966, prior to action by the court on the first petition, appellant petitioned for an order requiring redemption upon payment of the foreclosure sale price plus interest.[6] On January 7 in open court appellant tendered the latter sum. The court ruled against redemption and ordered delivery of the Marshal's deed and bill of sale to the Federal Housing Commissioner.

Washington law requires redemption or the tender of the redemption price within one year.[7] But state decisions would not recognize appellant's December 3, 1965, petition to the court as such a tender. Schmidt v. Worley, 134 Wash. 582, 236 Pac. 111 (1925); State ex rel. Bryant v. Starwich, 131 Wash. 101, 229 Pac. 12 (1924). The state statutes also provide a procedure whereby the redemptioner may, by demand, ascertain the net income from the property as an offset from the redemption price, but appellant has failed to follow this procedure.[8]

Further, the petition of December 3 was at most a tender of the sale price less net income, a tender which the United States was not obligated to accept.

Clark Investment Co. v. United States, 364 F.2d 7 (9th Cir. 1966).

Petitioner's tender of January 7, which would seem to satisfy state law, came too late.

Affirmed.

---

5. *Cf.*, United States v. West Willow Apartments, Inc., 245 F.Supp. 755 (E.D.Mich. 1965).

6. This second petition also offered to purchase accompanying personalty, which had not been included in the first petition.

7. Rev.Code Wash. § 6.24.140 (1950). Appellant is made a statutory redemptioner as the assignee of a subsequent judgment lien creditor by § 6.24.130 (1950).

8. Rev.Code Wash. § 6.24.190 (1950) would require appellant's petition to the court to have been filed within 60 days of its demand of September 16, 1965.