**UNITED STATES of America,**
**Plaintiff,**

v.

**FOREST GLEN SENIOR RESIDENCE,**
**an Oregon corporation et al.,**
**Defendants.**

**Civ. No. 66–412.**

United States District Court
D. Oregon.

Oct. 2, 1967.

Jack G. Collins, First Asst. U. S. Atty., Sidney I. Lezak, U. S. Atty., District of Oregon, Portland, Or., for plaintiff.

No appearance for defendant.

## OPINION

KILKENNY, District Judge:

Defendant Forest Glen Senior Residence, an Oregon corporation, constructed a large apartment facility at

Canyonville, Oregon. The construction funds, in large part, were obtained from State Finance Company and insured by the Federal Housing Administration, pursuant to the provisions of Title II, § 213 of the National Housing Act, as amended. On default, the mortgage was assigned to the Federal Housing Commissioner for commencement of this foreclosure action.

Plaintiff has moved for a decree which would bar the mortgagor, and those claiming under it, from a right of redemption under ORS 23.510 et seq.[1]

On first impression, it might seem that Oregon law on redemption should be read into and become part of the mortgage contract between Forest Glen and State Finance Company.

However, from the inception of the transaction the parties contemplated the use of federal funds. Such being the fact, federal law, rather than state law, controls. United States v. County of Allegheny, 322 U.S. 174, 64 S.Ct. 908, 88 L.Ed. 1209 (1944); United States v. County of Iowa, 295 F.2d 257 (7th Cir. 1961); Southwest Engine Co. v. United States, 275 F.2d 106 (10th Cir. 1960); United States v. View Crest Garden Apts., Inc., 268 F.2d 380 (9th Cir. 1959), cert. denied 361 U.S. 884, 80 S.Ct. 156, 4 L.Ed.2d 120. More specifically, federal law controls cases involving the foreclosure of mortgages issued pursuant to the National Housing Act.[2] Madison Properties, Inc. v. United States, 375 F.2d 740 (9th Cir. 1967); United States v. Sylacauga Properties, Inc., 323 F.2d 487 (5th Cir. 1963); United States v. Chester Park Apts., Inc., 332 F.2d 1 (8th Cir. 1964); United States v. View Crest Garden Apts., Inc., supra.

A sound federal policy must protect the Federal Treasury. Likewise, the policy must promote the security of a federal investment which, in turn, promotes the prime purpose of the Housing Act. Local laws which may limit the effectiveness of the remedies available to the United States for breach of a federal duty should not be adopted. United States v. View Crest Garden Apts., Inc., supra; Madison Properties, Inc. v. United States, supra. True enough, courts of equity have always recognized an equity of redemption in the mortgagor prior to the foreclosure sale. The same authorities, however, preclude a redemption after sale, unless provided by statute. United States v. View Crest Garden Apts., Inc., supra. Moreover, the courts should establish a uniform federal rule on this subject. Clark Investment Co. v. United States, 364 F.2d 7 (9th Cir. 1966). Since there is no federal statute which might permit redemption following a sale, redemption would necessarily depend on the adoption by this court of the Oregon law, either by decision, Clark Investment Co. v. United States, supra; Madison Properties, Inc. v. United States, supra, or on the basis of existing custom. United States v. West Willow Apts., Inc., 245 F.Supp. 755 (E.D.Mich.1965). I am impressed with the logic of a uniform rule in the Federal Courts on this subject and reject the suggestion that prior custom, if any, or Oregon law should be adopted. To give heed to those theories would destroy uniformity and create national chaos in this area.

Plaintiff is entitled to a decree of foreclosure barring the defendants from asserting redemption rights, after the sale of the property by the Marshal.

1. Oregon Revised Statutes.

2. 12 U.S.C. § 1701 et seq.