**SCREVEN et al.  v.  UNITED STATES.**

No. 14573.

United States Court of Appeals
Fifth Circuit.

Nov. 18, 1953.

Edwin Maner, Jr., Stephens & Gignilliat, Savannah, Ga., for appellants.

Edmund B. Clark, Atty. Dept. of Justice, Roger P. Marquis, Atty. Dept. of Justice, J. Edward Williams, Act. Asst. Atty. Gen., J. Saxton Daniel, U. S. Atty., Savannah, Ga., W. Reeves Lewis, Sp.

Asst. to U. S. Atty., Savannah, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH, Circuit Judge.

HUTCHESON, Chief Judge.

Brought under Section 1346, 28 U.S.C.A., the suit in two counts, No. 1 at Law and No. 2 in Equity, was for the value of lands claimed to have been taken by the United States in a condemnation proceeding to which plaintiffs were not parties and without compensation to plaintiffs therefor.

The law count, alleging the condemnation and taking of their land without compensation to them and that its value at the time of the taking was $7500, sought judgment for that sum.

The equity count alleged: that judgment had been entered in the condemnation suit valuing all the land condemned and taken, including the portion belonging to plaintiffs, at $45,000, and mistakenly ordering this sum paid to Irwin Gardens, Inc.; that this was followed by a judgment which, mistakenly reciting that Irwin Gardens, Inc. was the owner of all the lands condemned, ordered and decreed that all of the lands be, and the same are hereby condemned and taken for the use and benefit of, and title thereto is vested in, the United States. This count sought a decree, vacating the final judgment in the condemnation suit in so far as it affected plaintiffs' lands, and awarding plaintiffs a judgment for $7500 as their fair market value.

The United States pleading the six year statute of limitations, 28 U.S.C. § 2401(a), as a complete bar to plaintiffs' suit, plaintiffs filed what they designated their fourth amendment. In and by it they sought to abandon their original action, to convert it into a motion under Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C. in Civil Action 204, the original condemnation proceeding, and to obtain relief thereby from the judgments entered therein.

The United States objected to amendment four and moved to disallow it and

also filed its motion to dismiss plaintiffs' suit because neither the original complaint nor any of the amendments to it stated any ground for relief and particularly because it plainly appeared from the complaint that their suit was barred by the six year statute of limitation defendant had invoked.

The district judge, in an opinion in the form of conclusions of fact and law, held in substance: (1) that the United States by depositing in the condemnation proceedings the money found to be the value of the land condemned, had satisfied and thereby become discharged of its liability, and that it was not concerned with how the compensation should be distributed; and (2) that because plaintiffs had not been made parties to the condemnation proceedings, they had, however, a remedy, for six years after the taking, by suit under the Tucker Act for the value of their land,[1] but that since this suit had not been brought within six years, the time prescribed under the Tucker Act, it could not be maintained.

On the basis of these findings, he disallowed plaintiffs' third and fourth amendments, sustained defendant's motion to dismiss and dismissed plaintiffs' action.

Plaintiffs appealing from that judgment are here insisting that the court erred in dismissing the suit not because the original Tucker claim was not barred —they admit that it was—but because, under their disallowed amendments, they are not suing under that act, and the limitation statute invoked is not applicable.

What they are doing, appellants say, is, by motion in the original condemnation suit, under Rule 60(b) and the authorities cited under it,[2] seeking relief from the judgments entered therein.

We think it quite plain that this contention is wholly without merit and that in making it appellants overlook the controlling consideration by which this case is determined. This is that they were not parties to the condemnation suit, and it is therefore not the judgments in that suit which stand in the way of their recovery for the land taken from them if as they claim, it was taken without compensation.

What stands in their way is the six year statute of limitations which, raising an absolute bar to their suit after six years from the taking, prevents their recovery for it.

If, therefore, the judgments, which plaintiffs seek by their motion to set aside, were to be set aside in this suit, this would avail plaintiffs nothing. For the time within which to sue the United States for its valuing having long since run, plaintiffs have no standing to sue therefor.

The judgment dismissing their action was right. It is

Affirmed.

---

1. Hurley v. Kinkaid, 285 U.S. 95, 52 S.Ct. 267, 76 L.Ed. 637; U. S. v. Meyer, 7 Cir., 113 F.2d 387; U. S. v. A Certain Tract or Parcel of Land, D.C., 44 F.Supp. 712.

2. U. S. v. Kiriaze, 5 Cir., 172 F.2d 1000; Jones v. Watts, 5 Cir., 142 F.2d 575, 163 A.L.R. 240; U. S. v. Klapprott, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266.