**HELENE CURTIS INDUSTRIES,**
Inc., etc.

v.

**Benjamin DINERSTEIN, etc.**

Civ. 11523.

United States District Court,
E. D. New York.

March 8, 1955.

Kane, Dalsimer & Kane, New York
City, for plaintiff, by Martin Reiffin,
New York City.

Albert Barnett Klepper, New York
City, for defendant, by Andrew J. Dritsas, New York City.

Otterbourg, Steindler, Houston & Rosen, New York City, proposed substituted attys. for defendant, by Arthur S. Cowen, New York City.

RAYFIEL, District Judge.

There are two motions before the Court. The defendant moved (a) to substitute Otterbourg, Steindler, Houston and Rosen, Esqs., as attorneys for the defendant, in the place and stead of Albert Barnett Klepper, Esq., and (b) to vacate and set aside a certain stipulation, dated April 26, 1954, entered into between the attorneys for the parties herein, under the terms of which the defendant consented to a final judgment enjoining and restraining him from using the name "Curtis Sales Company". The plaintiffs move to cite the defendant for contempt for failing to comply with the terms of the aforesaid judgment.

The facts, briefly, are these:—the plaintiffs, well known manufacturers and distributors of beauty-parlor equipment, supplies and cosmetics, under the trademark "Helene Curtis", sued the defendant to enjoin him from engaging in business under the trade name "Curtis Sales Company", on the ground that he was engaging in unfair competition with them, since the name was misleading to prospective purchasers of those products. The defendant, through his attorney,

Albert Barnett Klepper, Esq., interposed an answer and the case was subsequently placed on the general calendar of this court. Thereafter the attorneys entered into negotiations which resulted in an agreement providing for the payment by the plaintiffs to the defendant of the sum of $1,000 and for the entry of a decree permanently enjoining the defendant from using the name "Helene Curtis" or "Curtis" in connection with the sale or advertisement for sale of any goods which might be confused with the plaintiff's name or trademark. A formal stipulation was entered into between the attorneys, and a judgment, embodying the aforementioned injunctive relief, and consented to by the attorney for the defendant, was entered. The injunction was to become effective on May 31, 1954.

The plaintiffs' attorneys sent a check in the sum of $1,000 to Mr. Klepper, and on April 27, 1954, the latter wrote the defendant, enclosing a cashier's check for $500, which he stated was "in full and final payment under the judgment" advising him that judgment had been entered in favor of the plaintiff and that he (the defendant) was to refrain from using the name "Curtis Sales Co.", after May 31, 1954. He also enclosed for execution a new proposed business certificate indicating that thereafter the defendant would do business under the name "Courtesy Sales Co."

The defendant expressed dissatisfaction with some of the provisions of the judgment and on May 27, 1954, Mr. Klepper wrote him, by registered mail, asking him to return the $500 check and stating that he would then return all the moneys to the plaintiffs' attorney and move to vacate the judgment. The defendant failed to return the check.

On July 30, 1954, a certified copy of the stipulation and final judgment was served on the defendant by the United States Marshal for the Southern District of New York.

■ Respecting the defendant's application to substitute attorneys in place and stead of Mr. Klepper the latter consented thereto provided that the defendant pay him a fee of $500 for services performed by him. Of course a party to litigation has the right to substitute attorneys at any time. That is particularly true where as here, final judgment has been entered. No condition should be imposed for such substitution. If Mr. Klepper believes he has earned a fee for his services in the matter he may commence an action to recover it.

■ We now come to the defendant's application to vacate and set aside the stipulation and judgment herein on the ground that he had not authorized or consented to the entry thereof. I am convinced, from the documentary evidence before me, that within a few days after April 27, 1954, the defendant learned from Mr. Klepper that he had entered into the aforementioned stipulation and consent to judgment. His own moving papers contain a copy of the letter, dated April 27, 1954, sent to him by Mr. Klepper, wherein he states: "* * * you are to refrain from using the name Curtis Sales Co. after May 31, 1954." In his affidavit he admits that he went to Mr. Klepper's office on the day after he received the letter, and saw the stipulation and judgment. The moving papers also contain a copy of a letter from Mr. Klepper, dated July 20, 1954, which states: "Under the injunction which has been entered in this matter, you are leaving yourself open to a contempt proceeding and damages, unless you desist from the use of the name 'Curtis'."

Although the defendant's moving papers make no mention of them it was admitted on the argument of the motion that he had received the aforementioned registered letter from his attorney, dated May 27, 1954, and that he had been served with a certified copy of the stipulation and judgment by the United States Marshal on July 30, 1954. During this entire period, and, in fact, up to the present time, the defendant has contin-

ued to violate a decree of this court. His claim that he was unable to obtain new counsel to handle the matter until he was referred to the attorneys whom he now seeks to have substituted is without merit. Mr. Klepper, in his registered letter of May 27, 1954, offered to move to vacate the judgment but the defendant failed to return the $500 which had been sent to him; in fact, he did not reply to the letter. The defendant did not communicate with the plaintiffs, whose whereabouts he must have known, to advise them that his attorney had exceeded his authority, and that he wished to vacate the judgment.

The defendant was in court on the argument of the motions. He is an intelligent, educated, and articulate individual. He admitted that he knew that the decree had been entered, prohibiting him from using the name "Curtis", and that he had not complied with it. Neither he nor his proposed substituted attorney offered any reason for non-compliance except that his original attorney had exceeded his authority and that by reason thereof he "no longer had any confidence in him." This, too, is to some extent rebutted by the fact that two weeks after the effective date of the injunction he received a check for $175 from his said attorney in another matter in which he represented him.

I am obliged, therefore, to deny the defendant's motion to vacate and set aside the stipulation and judgment. Even if there were doubt in my mind that the defendant knew of the negotiations between Mr. Klepper and plaintiffs' attorneys for the settlement of the case, and there is none, it is my belief that the defendant, having waited from April 28, 1954 to January 3, 1955, before making this motion, is clearly guilty of laches.

Rule 60(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides that such a motion must be made within a reasonable time. In view of all of the circumstances in the case I find the delay of eight months to be unreasonable, more particularly so since during the entire period he knew he was violating a decree of this court.

The defendant's proposed substituted attorneys, in an affidavit submitted in opposition to the motion to punish the defendant for contempt, impugn the propriety of the conduct and the motives of plaintiffs' attorneys in connection with the settlement negotiations. The affidavit states, in paragraph 5 thereof, that the circumstances surrounding the settlement "are extremely suspicious." I disagree. I see nothing improper in the conduct of plaintiffs' attorneys. It is unlikely that they would have negotiated with Mr. Klepper if they thought he was acting without authority; nor could they anticipate that defendant would deliberately disobey a decree of this court entered on consent of his attorney.

The plaintiffs' motion is therefore granted and the defendant is adjudged in contempt. He may purge himself of the contempt by complying with the terms of the judgment, dated April 26, 1954, within ten days after service upon him of the order to be entered hereon. Should he fail to comply the matter will be referred to a master to be appointed to assess the damages which plaintiffs have suffered by reason of the defendant's violation of the decree. The defendant will then stand committed until he complies with the injunctive provisions and pays the damages sustained by the plaintiffs, together with the costs of the reference.

Settle order on notice.