UNITED STATES of America

v.

**140.80 ACRES OF LAND, MORE OR LESS, Situated IN WEST FELICIANA PARISH, STATE OF LOUISIANA, and Edward T. Dwyer, et al.**

Civ. A. No. 2394.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Jan. 17, 1963.

Norton L. Wisdom, Special Asst. to the U. S. Atty., New Orleans, La., for the United States.

Stephen P. Dart, of Kilbourne, Dart & Jackson, St. Francisville, La., for Margaret A. Plettinger, William Gordon Plettinger, and Henrietta Anne Plettinger.

Carlos G. Spaht, of Kantrow, Spaht & Kleinpeter, Baton Rouge, La., for Louisiana & Arkansas Railway Company, Mrs. Eva Pickens Holloway, Herman H. Holloway, Jr., Mrs. Catherine Holloway Johnson, and Charles R. Holloway.

WEST, District Judge.

On November 1, 1960, the United States of America filed this condemnation suit whereby it sought to take, for public uses, six different tracts of land, totaling 140.80 acres, in West Feliciana Parish, Louisiana. These tracts were numbered 100; 101; 102; 103; 104–1; and 104E–1, and together, formed one large tract of land totaling 140.80 acres. According to the public records, each of these tracts was owned by different people, except Tract 104–1 and 104E–1, both of which were owned by the Illinois Central Railroad Company. The only tract with which we are now directly concerned is Tract 103, which contains about 14.22 acres. However, in connection with the claim to Tract 103, it is necessary to consider also some of the other property involved.

At the time this suit was filed, the Government listed the Louisiana & Arkansas Railway Company, Herman H. Holloway, Jr., Charles R. Holloway, Catherine Holloway Johnson, and Eva Pickens Holloway (hereinafter referred to collectively as L & A Railroad and the Holloways) as the owners of Tract 103. Tract 101, which adjoins Tract 103 on the south, was listed in the suit as being owned by Anna Davidson Plettinger, Margaret A. Plettinger, William Gordon Plettinger, and Henrietta Anne Plettinger (hereinafter collectively referred to as the Plettingers). The Plettingers also own the property adjoining Tract 103 on the north, which property is not being condemned in these proceedings, but, if the Plettingers actually own Tract 103, as they now contend that they do, it is their position that the taking of Tract 103 would possibly entail severance damages by thus severing Tract 101 from the land lying north of Tract 103.

On November 1, 1960, a judgment of possession in favor of the United States of America, and in accordance with the declaration of taking was rendered by the Court and filed in the record hereof, as to all six tracts hereinabove mentioned. Thereafter, on November 7, 1960, notices were sent, in accordance with law, to each party of record notifying them of the taking of the particular tract in which they, according to the record, had an interest. The Plettingers received notice pertaining to Tract 101, and on December 22, 1960, appeared by motion for an order allowing them to withdraw from the registry of the Court the money deposited by the United States of America as the estimated just compensation for Tract 101. This order was granted on December 22, 1960.

Notice of the taking of Tract 103 was duly sent to the L & A Railroad and the Holloways, and on July 24, 1961, they entered into a stipulation with the United States whereby it was agreed that the just compensation for Tract 103 should be fixed at $4,000. In accordance there-

with, judgment was rendered and filed in the record of this case on July 25, 1961, vesting fee simple title to Tract 103 in the United States of America, and granting the L & A Railroad and the Holloways, jointly, the sum of $4,000 as just compensation therefor. The Plettingers, not being shown as owners of this tract, were not notified at that time of the stipulation or the judgment pertaining to just compensation for Tract 103. On November 24, 1961, the Plettingers filed a notice of appearance in this record, requesting to be notified of all proceedings affecting both Tract 101 and Tract 103, stating that they "formerly owned the full interest therein prior to the institution of these condemnation proceedings", and further stating that they desired to present evidence at the trial of the issue of just compensation. This notice of appearance was filed four months after the just compensation for Tract 103 had been determined by stipulation and judgment.

On January 23, 1962, a pre-trial conference was held on this matter in Chambers, at which time counsel for the Plettingers, as well as counsel for parties interested in Tract 100, were present. At that time, if not before, counsel for the Plettingers was fully aware of the fact that the just compensation for Tract 103 had been determined to be $4,000 by stipulation, and that a judgment had been rendered in accordance therewith, and that this amount had been paid by the United States to the L & A Railroad and the Holloways. He was, in other words, at that time fully aware of the judgment of July 25, 1961, and all of its terms and provisions pertaining to Tract 103. It was not until October 2, 1962, that this present motion was filed on behalf of Margaret A. Plettinger, William Gordon Plettinger, and Henrietta Anne Plettinger to set aside the judgment of July 25, 1961.

In this motion it is contended that the L & A Railroad's, and the Holloways',

only claim to Tract 103 is through a prior expropriation proceeding of many years ago, and that "It is extremely unclear from the judgment whether the Railroad acquired the full ownership of this property or merely a servitude." On December 17, 1962, a motion was filed on behalf of the L & A Railroad and the Holloways, seeking to have the motion filed by the Plettingers dismissed on the grounds that said motion fails to state a claim upon which relief can be granted. These two motions were orally argued and briefs submitted. After due consideration of the oral argument, the pleadings, and the briefs submitted by counsel, it is now the opinion of this Court that the motion to set aside the judgment of July 25, 1961, must be denied.

It is true that, as will be seen by the letter sent by counsel for the Plettingers to the attorney for the United States of America dated September 28, 1960, and filed in the record hereof, the United States was put on notice that the Plettingers were making some claim to Tract 103. However, this also shows that the Plettingers were fully aware of the anticipated condemnation proceedings against this tract. As is further clear from the letter dated July 12, 1961, from the office of the United States Attorney to counsel for the Plettingers, also filed of record herein, they, the Plettingers, certainly had notice at that time that the Government was considering the L & A Railroad and the Holloways as the sole owners of Tract 103. And even though they contend that when they filed their notice of appearance on November 24, 1961, they did not know of the judgment of July 25, 1961, still there can be no doubt that they had full knowledge of that judgment at least as early as January 23, 1961, when a pre-trial conference was held on this matter. This was well within the period of a year following the date of the judgment. However, no motion to set that judgment aside was made by the Plettingers until October 2, 1962, or

fourteen months after the rendition of that judgment, and nine months after the pre-trial conference at which everyone present, including counsel for the Plettingers, were fully apprised of the July 25, 1961 judgment.

Under the provisions of Rule 60(b) of the Federal Rules of Civil Procedure, on motion properly made, the Court may relieve a party from a final judgment because of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, or (3) fraud, misrepresentation or other misconduct of an adverse party, *provided* the motion is made within a reasonable time, and not more than one year after the judgment was entered. Also, such a motion may be filed within a reasonable time to set aside a judgment on the grounds that the judgment is void; that the judgment has been satisfied; or for other reasons justifying relief from the operation of the judgment.

Under the facts of this case, more than a year had elapsed between the rendition of the judgment of July 25, 1961, and the filing of the motion presently under consideration, and in the opinion of the Court, more than a reasonable time had elapsed between the time mover had actual knowledge of the rendition of the judgment and the time that he filed this motion to set aside that judgment of July 25, 1961. Consequently, under Rule 60(b), the motion comes too late. Counsel for mover suggests that the Plettingers were never actually parties to this suit insofar as it pertains to Tract 103. If that is true, then further reason exists to deny this motion. The procedures under Rule 60(b) to set aside a judgment would not be available to one who was not a party to the suit in which the judgment was rendered. Screven v. United States, 5 Cir., 207 F.2d 740. On the other hand, if they were parties, then their motion comes too late.

Mover contends that Rule 71A gives him the right to proceed in this fashion. With this I cannot agree. Rule 71A(a) provides that the Federal Rules of Civil Procedure govern the procedure for condemnation suits except as otherwise provided in that rule. There is nothing in Rule 71A to even suggest a change in the procedure set forth in Rule 60 for the setting aside of judgments previously rendered. Rule 71A(e) does provide that the plaintiff must notify all persons claiming an interest in the property whose names have been in any way ascertained by the plaintiff. But this rule certainly does not negate the provisions of Rule 60 requiring that any motion to set aside a judgment previously rendered must be filed within a reasonable time. For these reasons, the motion of Margaret A. Plettinger, William Gordon Plettinger, and Henrietta Anne Plettinger to set aside the judgment of July 25, 1961, rendered in this matter is hereby denied.