Horace Maxwell GOLDFINE, Petitioner, Appellant,

v.

UNITED STATES of America et. al., Appellees.

No. 6251.

United States Court of Appeals First Circuit.

Heard Jan. 7, 1964.

Decided Jan. 23, 1964.

Loyd M. Starrett, Boston, Mass., with whom Lewis H. Weinstein, Edwin H. Amidon, Jr., and Foley, Hoag & Eliot, Boston, Mass., were on brief, for appellant.

Sumner H. Babcock, Boston, Mass., with whom Charles W. Bartlett and Joseph P. Rooney, Boston, Mass., were on brief, for receivers, appellees.

Richard M. Roberts, Atty., Dept. of Justice, with whom Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, David I. Granger and James F. Shepherd, Attys., Dept. of Justice, W. Arthur Garrity, Jr., U. S. Atty., and John J. Curtin, Jr., Asst. U. S. Atty., were on brief, for the United States, appellee.

Joseph B. Abrams, Boston, Mass., with whom Robert T. Abrams, Boston, Mass., was on brief, for Maurice Gordon, appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

PER CURIAM.

Appellant is a part owner, subject to a contract of sale hereafter referred to, of a piece of property in Boston known as the Little Building. Pursuant to a stipulation of appellant and others, appellees, receivers of his co-owner, a delinquent taxpayer, were authorized by the district court to sell the property as a unit. Their contract of sale to another appellee was confirmed by the court on June 19, 1963. Appellant was a party to the district court proceedings, but, making certain ready assumptions in his favor, through "excusable neglect" did not learn the full terms of the contract as confirmed until August 26, 1963, at which time it was too late to appeal.* In such circumstances under F.R.Civ.P. 60(b) appellant had "a reasonable time" in which to seek other relief. Pursuant thereto, by a petition filed on October 31, 1963, the day the papers were to pass, he sought to enjoin the sale. The court, after taking evidence, dismissed the petition on a number of stated grounds, one of which was that it had not been brought within a reasonable time. This appeal followed.

Rule 60(b) provides equitable relief against judgments. While it is true that appellant was not seeking the exact relief he would have obtained by an appeal from the court's order approving the sale, had he attended the original hearing and his objections had been overruled, still the purpose of the petition was to vacate the sale and unsettle a final decree just as would an appeal or a motion for a new trial. It seems to us that, at least prima facie, appellant should act as diligently after learning of his equitable rights as he would have

---

* We do not reach the question, suggested by appellant during argument, that he could not have proceeded by way of appeal within the normal appeal period even if he had learned the terms of the order the day after its entry, because of the fact that as a result of lack of notice he had not stated his objections to the district court. Even if appellant is correct about this we do not think it weakens the effect of our reasoning herein.

had to act to claim the legal rights which, through his own neglect, he lost. No reason suggests itself why his neglect, though excusable, should give him a greater number of days to act, computed from the time he learned of his rights, than he would have had had he not been neglectful. Cf. In re United Shoe Mach. Corp., 1 Cir., 1960, 276 F.2d 77.

Even independently of such a principle appellant has not shown that the court was plainly wrong in finding that he did not proceed within a reasonable time. It is not necessary to consider the other grounds of the court's decision.

Judgment will be entered affirming the judgment of the District Court.