**UNITED STATES of America,**
**Plaintiff,**

v.

**WEST WILLOW APARTMENTS, INC.,**
**Defendant.**

**Civ. A. No. 21114.**

United States District Court
E. D. Michigan, S. D.

Feb. 18, 1965.

Lawrence Gubow, U. S. Atty., Robert H. Pytell, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Marvin W. Reider, Detroit, Mich., for defendant.

Ronald L. Greenberg, Detroit, Mich., for Frank W. Lynch (purchaser on foreclosure sale).

MACHROWICZ, District Judge.

The complaint of the United States filed in this cause prays, among other things, for an order and decree foreclosing a mortgage on real property and for a deficiency judgment. The loan which the mortgage secured was insured by the Federal Housing Commissioner pursuant to provisions of the National Housing Act, as amended, Title 12 U.S.C. § 1743, and the Administrative Rules and Regulations thereunder. The mortgagee assigned its interest in the mortgage to certain agencies of the State of Michigan which, in turn, assigned the mortgage to the Federal Housing Commissioner, his successors and assigns.

A foreclosure decree was filed and entered on September 24, 1963. This decree did not provide for an equity of redemption.

A foreclosure sale was held on August 13, 1964 at which time terms and conditions affecting the sale were announced by an Assistant District Attorney. One of the announced terms and provisions was to the effect that the property was being sold subject to an equity of redemption of six (6) months, that the Receiver for the mortgagor (appointed in this proceeding) would retain possession for such period for the benefit of the defendant mortgagor and its creditor, Federal Housing Administration, and that the rents and profits for this period would be applied on any deficiency. On August 26, 1964 the decree of foreclosure previously entered in this cause was amended to include such equity of redemption for a period terminating six (6) months from and after August 13, 1964.

The purchaser at the mortgage foreclosure sale, Frank W. Lynch, in negotiating for financing the purchase, encountered difficulties in such negotiations, and it was at his suggestion that the decree was amended to include the provision for an equity of redemption to meet requirements of insurers of the title of the purchaser. Apparently one of such requirements was inclusion of a provision for an equity of redemption in the decree of foreclosure, as required by state law.

An order of confirmation of the mortgage foreclosure sale was entered on October 12, 1964.

The purchaser at the sale moved, on January 8, 1965, to amend the decree, as amended, so as to eliminate the provision for the equity of redemption and so that the decree stands as originally entered on September 24, 1963. It is the purchaser's contention that federal statutes do not provide for an equity of redemption, that state statutes which require provision for such an equity of redemption are inapplicable and that the amended decree including provision for an equity of redemption and right to redeem is improper and contrary to law.

■ Proceedings for relief from a judgment or order of this Court are controlled by Rule 60 of the Federal Rules of Civil Procedure. By virtue of Section (a) of such rule clerical mistakes in judgments or orders of this court may be corrected by the Court or on motion *of any party*. Section (b) provides, in effect, that a court may relieve *a party* or his legal representative from a final judgment or order for reasons therein enumerated. Although the language of this rule is clear, precise and exact, it has been subjected to interpretation in suits filed in federal courts. In Screven et al. v. United States, 5 Cir., 207 F.2d 740 a motion to set aside a judgment in condemnation proceedings was denied for the reason that the movants were not parties to the condemnation proceedings. See also United States v. 140.80 Acres of Land, etc., D.C., 32 F.R.D. 11, a condemnation proceeding in which the court held that procedures under rule providing for motion for relief to party or his legal representative from a final judgment, order or proceeding are not available to one who is not party to the suit in which the judgment was rendered.

■ It is the opinion of this Court that the rule and cases interpreting it, cited above, do not afford the relief sought to the movant. It has considered, however, and will discuss and determine other issues raised by the motion and by the Government in opposition to the motion, one of which is the claim of the Government that even if remedies sought were available to movant, he would be barred by laches from seeking remedies. This objection is well taken. Movant not only knew of the provisions of the amended decree but the amendment was effected upon his own suggestion. His motion to again amend was not filed until almost five (5) months elapsed following entry of the amended decree. See Goldfine v. United States, 5 Cir., 326 F.2d 456 in which the Court held that a party must act as diligently after learning of his equitable rights as he would have had to act to claim such rights which, through his own neglect, he lost. In Helene Curtis Industries v. Dinerstein, D.C., 17 F.R.D. 223, a defendant whose attorney entered into a stipulation and consent to judgment, who was served with a copy of the final judgment three months later, but who waited until eight months later before moving to vacate the stipulation and judgment, was guilty of laches and unreasonable delay. Movant has not explained the long delay in filing the motion to amend. Under the circumstances of this case, even if the remedy movant seeks were available to him, denial of it would be warranted on the ground of laches.

■ We now reach movant's claim that he is entitled to the relief prayed for because of illegality of the amended decree under federal legislation which was the basis for grant of the original mortgage loan. It is argued that creation of a redemptive period as part of a federal law would place a limitation on the scope of the Federal Housing Administration program not placed there by Congress and would contravene the congressional scheme, and that the Court should not now fashion a rule permitting the several states to determine rights of redemption when no such right now exists under federal law.

True, the Federal Housing Act makes no provision for an equity of redemption upon foreclosure of a mortgage. Thus a mortgagor cannot assert a right of redemption when no such right is created

by federal law. It does not follow, however, that the Government is prohibited from granting a right of redemption, as a matter of grace, or that grant of such a right in a foreclosure decree results in illegality of the decree. No authorities have been cited in support of such a claimed prohibition and illegality. It also does not follow that in acceding to the Government's request, that in this instance a right of redemption be included in a decree of foreclosure, this court fashioned a rule permitting states to determine rights of redemption. The Court is in accord with the claim of movant that the federal law determines matters of this nature, not state law, and that state statutes which require that a mortgagor be afforded an opportunity to redeem from a mortgage foreclosure sale do not bind this Court in mortgage foreclosure proceedings instituted under federal law. It is not the claim of the Government that the motion should be denied and the provision for an equity of redemption should remain in the decree because state law requires inclusion of it in a foreclosure decree. There being no prohibition in federal law against grant of an equity of redemption by the Government, as a matter of grace, the Government applied to this Court, in the exercise of its inherent equitable powers, to provide for a privilege of redemption to the mortgagor even though the mortgagor could not have demanded opportunity to redeem as a right, since the federal law does not provide such right. It is immaterial that the grant of such opportunity is identical to that which state law gives to a mortgagor as a matter of right.

■ Inclusion of the provision for an equity of redemption does not run afoul of federal policy under the Federal Housing Act. One of the purposes of that Act is to afford to the Federal Housing Administration the finest protection of its security interest. United States v. View Crest Garden Apts., Inc., 9 Cir., 268 F.2d 380, 383. That security would not be impaired, but enhanced, in the particular circumstances of this case, by grant of an equity of redemption with the corresponding right to the Government to reap the income from the property, during such period of redemption should the privilege of redemption be not exercised, thus producing additional revenue to the Government to be applied on the deficiency judgment entered in this cause.

In fact, this motion was heard and argued after the period of redemption had already expired. The obvious purpose of the motion is to divert the income from the property, during the redemption period, from the Government to the purchaser of the property at the foreclosure sale. Surely, movant stands in a very weak position when it argues that the decree, if amended in the respects stated in the motion, would advance the policy of the Government and carry out the intent of Congress in promulgating the Federal Housing Act.

The amount of the deficiency judgment is One Million Thirty-six Thousand Four Hundred Twelve and 37/100 Dollars, ($1,036,412.37). The purchase price paid by movant upon the sale on foreclosure was Six Hundred Ten Thousand Five Hundred Seventy-six and 30/100 Dollars, ($610,576.30) and financing of this price was made possible by the inclusion, by amendment, of the provision for an equity of redemption in the decree of foreclosure. Movant was not only informed of the conditions of sale, but was instrumental in creating the conditions of sale. He is entitled to nothing more.

For reasons herein stated the motion to amend the decree of foreclosure is denied and an order to that effect will be entered simultaneously with this opinion.