■ FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF PORT WASHINGTON, Respondent, v MARY M. SMITH et al., Defendants, and THRIFTWAY REALTY, INC., Appellant. — In an action to foreclose a mortgage, Thriftway Realty, Inc., appeals from an order of the Supreme Court, Suffolk County (D'Amaro, J.), dated November 13, 1980, which denied its application for an order fixing an amount of money to be paid into court in order to satisfy an outstanding

judgment of foreclosure and sale. Order affirmed, with $50 costs and disbursements. On August 9, 1965 Mary Smith, the then owner of certain residential property which is the subject of this action, executed a mortgage on that property in favor of First Federal Savings and Loan Association of Port Washington (hereinafter First Federal). She subsequently defaulted in her monthly payments and on October 3, 1979 First Federal opted to accelerate the payments due. The underlying foreclosure action was commenced by First Federal on or about January 15, 1980, and on July 28, 1980 a judgment of foreclosure and sale was entered upon default. Prior to the entry of the judgment of foreclosure but subsequent to the commencement of the foreclosure action and the filing of the notice of pendency, Thriftway Realty, Inc. (hereinafter Thriftway), informed First Federal that it had contracted with Ms. Smith to purchase the subject property, and that it was desirous of having the mortgage reinstated. First Federal declined Thriftway's offer on or about May 28, 1980, but on June 2, 1980 willingly supplied Ms. Smith with the totals that would be necessary to satisfy the mortgage. Thereafter, on June 16, 1980, Ms. Smith conveyed the mortgaged premises to Thriftway "subject to" the existing mortgage (see *Howard v Robbins,* 170 NY 498, 503; General Obligations Law, § 5-705), at which time the latter (allegedly) orally promised to satisfy the debt in full (cf. General Obligations Law, § 5-705). Subsequently, on August 6, 1980 (i.e., after the entry of the judgment of foreclosure), Thriftway informed First Federal of its intention to satisfy the outstanding mortgage, and to that end requested that the latter supply it with "updated" figures. Said figures were apparently obtained over the telephone on August 22, 1980, but when the parties were unable to agree on certain of the charges, the mortgage remained unsatisfied. Nevertheless, Thriftway went ahead with its planned resale of the property, and on August 22, 1980 conveyed the mortgaged premises to Charles and Marilyn Richter, neither of whom are parties herein. Thereafter, on September 9, 1980, Thriftway moved by order to show cause to stay the planned foreclosure sale and to fix the amount of money to be deposited into court to satisfy the instant mortgage, which motion was denied by Special Term on November 13, 1980. Thriftway appeals. The order appealed from should be affirmed. Clearly, the owner of the equity of redemption or any person with an interest in the mortgaged premises has a right to redeem the property at any time prior to the actual sale under a judgment of foreclosure (see *Nutt v Cuming,* 155 NY 309; *Thomas v Harmon,* 122 NY 84; *Kortright v Cady,* 21 NY 343; *Jamaica Sav. Bank v Cohan,* 38 AD2d 841; *Belsid Holding Corp. v Dahm,* 12 AD2d 499). Although Thriftway, the grantee of the original mortgagor, had such a right at one time, this right became extinguished when it conveyed all right, title and interest in the property to a subsequent grantee on August 22, 1980. Accordingly, at the time of the instant motion Thriftway lacked the requisite standing to compel redemption of the mortgage (see *Grant v Duane,* 9 Johns 591; *Chamberlin v Chamberlin,* 44 Super Ct [12 Jones & Sp] 116; *Crowe v Malba Land Co.,* 76 Misc 676, 680-681; 2A Warren's Weed, New York Real Property [4th ed], Foreclosure of Mortgage, § 6.06; 3 Wiltsie, Mortgage Foreclosure [5th ed], § 1183; see, also, 14 Carmody-Wait 2d, NY Prac, § 92:116; 15 Carmody-Wait 2d, NY Prac, § 95:22). Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.