**RAILROAD MAINTENANCE LABORERS' LOCAL 1274 PENSION, WELFARE, AND EDUCATION FUNDS, Plaintiffs,**

v.

**AMERICAN RAILROAD CONSTRUCTION COMPANY, INC., Amrail, Inc., Dunn and Smellie, Inc., and Ward Skiver, Defendants.**

No. 81 C 7014.

United States District Court, N.D. Illinois, E.D.

Jan. 31, 1983.

Charles A. Linn, Arnold & Kadjan, Chicago, Ill., for plaintiffs.

Charles L. Barker, Jenner & Block, Chicago, Ill., for defendants.

## MEMORANDUM

BUA, District Judge.

Before the Court is defendant Ward Skiver's Motion to Vacate the Default Judgment entered against him on February 18, 1982. For the reasons stated herein, the Motion to Vacate is denied.

The plaintiffs in the instant matter are the Pension, Welfare and Education Funds of the Railroad Maintenance Laborers' Local 1274 (the "Union") established pursuant to the collective bargaining agreement between the Union and the defendants. Plaintiffs' suit, filed January 7, 1982, alleged that defendants are in breach of their obligations under the agreement and that the corporate defendants are the "alter egos" of defendant Skiver. The filing of the lawsuit was precipitated by the failure of the parties to resolve the matter without litigation as had been suggested by the plaintiffs' attorney in a letter of December 14, 1981.

Defendant Skiver admits to being served with the summons and complaint on January 7, 1982. Nevertheless, he failed to file an appearance or answer to the complaint. On February 16, 1982, plaintiff moved for and was granted a default judgment against Skiver and codefendant American Railroad in the amount of $6,329.83. Shortly thereafter, in early March, 1982, plaintiffs' counsel received a letter from attorney William A. Wood stating that he represented all defendants. The letter was accompanied by an answer to the complaint. Upon receipt of the letter, plaintiffs' attorney contacted Mr. Wood and informed him of the judgment. This call was followed up by a letter dated March 9, 1982 reiterating that a judgment was outstanding. A copy of the Court's February 16, 1982 order was also enclosed. Nevertheless, Skiver failed to comply with the Court's judgment and waited until December 13, 1982 to file the Motion to Vacate now before the Court.

In the interim period, having received no payments under the judgment, plaintiff petitioned the Court for a Rule to Show Cause on July 7, 1982. Although Skiver's attorney received notice of the petition, he did not appear on the matter and the Rule was issued. On August 25, 1982, defendant Skiver was served with a copy of the Rule and, in a September 24, 1982 letter to plaintiffs' attorney, defense counsel agreed to comply with a portion of the Court's decree requiring the production of records for an audit. Skiver, however, failed to keep the promise. Subsequently, defendant American Railroad filed a bankruptcy petition, thus precluding any further proceedings against it.

After plaintiffs registered the judgment in the Eastern District of Michigan, where Skiver resides, Skiver, on September 9, 1982, attended a creditors' examination at which he indicated an awareness of the outstanding judgment against him. At that time, as a result of the pendency of various actions taken to enforce the judgment including the garnishment of a tavern which he owned, Skiver agreed orally to pay the balance of the amount owed. However, no payments pursuant to such promise were ever received.

█ The defendant's Motion to Vacate is governed by Fed.R.Civ.P. 55(c) which incorporates Fed.R.Civ.P. 60(b) into its provisions. Under Rule 60(b), as it is pertinent to the instant matter, the Court may relieve a party from a judgment, upon such terms as are just, for mistake, inadvertence, surprise, or excusable neglect. Under the relevant part of the Rule, the party seeking the relief must demonstrate both that he has a meritorious defense and that one of the four conditions of the Rule applies. *Ben Sager Chemicals International, Inc. v. E. Targosz & Co.,* 560 F.2d 805 (7th Cir.1977); *United Film Exchange, Inc. v. Lust,* 479 F.2d 573, (4th Cir.1973).

█ Defendant Skiver cannot succeed on his motion to vacate. Even if the Court assumes that he has a meritorious defense, it has not been demonstrated that any of the four conditions for relief applies. Defendant contends that his neglect of the entry of judgment in the instant case was excusable. In support of his argument, defendant recites a lengthy tale in which he asserts that while his attorney may have been aware of the judgment, defendant was not until three months before the filing of the Motion now under consideration. Defendant also notes that his original counsel has retired and that it took from September to December to work out an acceptable financial arrangement with local counsel, notwithstanding that Local Rule requires local counsel to be designated within 30 days of the filing of suit. N.D.Ill. Local Rule 3.13.[1]

It is defendants' argument that he is merely a lay defendant who is unfamiliar with the legal process and that, as such, his delay was excusable. In making his argument, defendant relies on *Woods v. Severson,* 9 F.R.D. 84 (D.Neb.1948) in which a lay defendant of modest financial means attempted to answer her own complaint and in so doing, failed to comply with various rules. While this resulted in a default judgment being entered against her, the circumstances were held to constitute excusable neglect such that the judgment was ordered vacated. While the Court appreciates counsel's diligence in locating *Woods,* the case is inapposite to the matter at bar. Indeed, it does not appear that Mr. Skiver, a business executive, could qualify as a pro se party of modest knowledge and means, especially when it is considered that he was represented by counsel through at least most of the relevant time period and that such counsel, and indeed Mr. Skiver himself, had, at one time or another, agreed to abide by the Court's decree.

█ The factors here involved reveal that defendants neglect of this Court's judgment was far from excusable. Given

---

**1.** Failure to designate local counsel within 30 days may result in the documents filed being stricken by the Court.

the foregoing scenario, defendant cannot successfully argue that he was ignorant of the judgment. Furthermore, such a defense is not valid in this Circuit as it is well settled that, "Neither ignorance nor carelessness on the part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Ben Sager Chemicals International v. E. Targosz & Company,* 560 F.2d 805, 809 (7th Cir.1977), citing *Bershad v. McDonough,* 469 F.2d 1333, 1337 (7th Cir. 1972). Clearly, ignorance does not constitute excusable neglect. As defendant has failed to validly assert any of the four conditions under Rule 60(b)(1), the Motion to Vacate must be denied.

Under Rule 60(b)(1), a Motion to Vacate must be filed within a reasonable time, not to exceed one year, from the time of entry of judgment. Although defendants' motion was filed within the year maximum period, the ten months which had passed were nevertheless unreasonable in light of the circumstances here present.

██ It is clear that a year is merely the outside limit for a filing period to be considered reasonable under Rule 60(b) and that often, a shorter time period may be deemed to be unreasonable. *See, e.g., American Metals Service Export Co. v. Ahrens Aircraft, Inc.,* 666 F.2d 718 (1st Cir. 1981) (five-month delay unreasonable); *Beshear v. Weinzapfel,* 474 F.2d 127 (7th Cir.1973) (three-week delay unreasonable); *Goldfine v. U.S.,* 326 F.2d 456 (1st Cir.1964) (70-day delay unreasonable); *Cucurillo v. Schultz, Bruns Schill Gesellschaft,* M.B.H.,

324 F.2d 234 (2d Cir.1963) (eight-month delay unreasonable). While defendant aptly notes that in some cases, a period of ten months has been held to be a reasonable delay, in the instant matter such is not the case. The defendant's knowledge of the judgment coupled with his and his counsel's promises of compliance, require the Court to find the time delay in filing to be unreasonable. Under Rule 60(b)(1), defendants simply cannot succeed in having this Court vacate its prior order.

██ While Rule 60(b) generally requires liberal application in cases of default judgments, such a rule of application does not apply in cases of willful misconduct, carelessness, or negligence. *Ellingsworth v. Chrysler,* 665 F.2d 180 (7th Cir.1981). The Court's decision to grant or deny relief under the Rule lies within its sound discretion. *Id.* Defendant has willfully ignored and violated this Court's order of February 18, 1982. Although many excuses are offered for this course of action, the excuses are transparent and without merit. The Motion to Vacate is therefore denied. Furthermore, plaintiffs are hereby awarded the costs and attorneys' fees incurred in opposing the Motion.

IT IS SO ORDERED.