## THWAITES PLACE ASSOCIATES, Petitioner,

v.

## SECRETARY OF the UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Respondent.

### No. 86 Civ. 2177 (RWS).

United States District Court,
S.D. New York.

July 10, 1986.

Herman S. Rosen, Bronx, N.Y., for petitioner.

Rudolph W. Giuliani, U.S. Atty. for the S.D. of N.Y., New York City, for respondent; William E. Simon, Jr., Asst. U.S. Atty., of counsel.

## OPINION

SWEET, District Judge.

The petitioner Thwaites Place Associates ("TPA") commenced this action on March 10, 1986 by filing an order to show cause and petition in the Supreme Court of New York, Bronx County. In its petition, TPA seeks to recover title to the real property which is the subject matter of the present action. The respondent Secretary of the Department of Housing and Urban Development ("HUD") is responsible for the federal mortgage held on the subject real property. On March 13, 1986, HUD filed a verified petition of removal with this court. TPA has now moved to remand this action to state court, or in the alternative for summary judgment. HUD cross-moved for summary judgment. For the following reasons, TPA's motion to remand will be denied, and HUD's motion for summary judgment will be granted.

The real property at issue here has also been the subject of extensive prior proceedings. In 1981, the United States brought a mortgage foreclosure action against TPA pursuant to 28 U.S.C. § 1345. *United States v. Thwaites Place Associates*, 81 Civ. 5867 (S.D.N.Y.). On December 21, 1981, this court issued a default judgment in that action which foreclosed TPA's mortgage on that property. Following the foreclosure, extensive litigation took place concerning the efforts of the United States Marshal's office to sell the foreclosed property. *See United States v. Thwaites Place Associates*, 548 F.Supp. 94 (S.D.N.Y.1982), *aff'd mem.* 722 F.2d 729 (2d Cir.1983). On June 3, 1983, a final judicial sale of the subject real property took place under the supervision of a United States Magistrate. The general partner of TPA participated in the sealed bidding but the successful highest bidder was the 665 Thwaites Place Tenants Association, Inc. with a bid of $1,015,-000.00. The closing was adjourned with the consent of HUD so that the purchaser could arrange preparation of a cooperative conversion plan and the transfer of deed has not yet occurred.

■ This action was properly removed. TPA seeks an order directing HUD to deliver to it the title to the subject real property. Thus, the action lies within the removal jurisdiction of 28 U.S.C. § 1442 which provides in pertinent part:

(a) A civil action or criminal prosecution commenced in a state court against any of the following persons may be removed by them to the district court of the Unit-

ed States for the district and division embracing the place wherein it is pending:

> (1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office....

When a party raises a dispute regarding HUD's exercise of its rights regarding a federally insured mortgage for which it has responsibility, the suit involves the conduct of the agency under the color of its office and is therefore removeable. *Haggard v. Lancaster,* 320 F.Supp. 1252, 1257 (N.D. Miss.1970).

■ HUD has also established through its summary judgment motion that the petition by TPA is without merit. The default judgment extinguished TPA's right, title and interest in the real property as of December 21, 1981. No appeal or other action was taken from this judgment and it therefore precludes any relitigation of the merits of the foreclosure. Nevertheless, TPA seems to suggest in its papers that it is entitled to redeem the mortgage notwithstanding the foreclosure action.

■ TPA has failed to establish any authority to support its claimed right of redemption after a foreclosure sale. A mortgage foreclosure action brought by the United States on a federally insured mortgage is governed by federal law. *See United States v. Stadium Apartments, Inc.,* 425 F.2d 358, 359 (9th Cir.1970); *United States v. Heasley,* 283 F.2d 422, 428 (8th Cir.1960); *United States v. West Willow Apartments, Inc.,* 245 F.Supp. 755, 758 (E.D.Mich.1965). It is well-settled that there is no right of redemption under federal law, *Stadium Associates, supra,* 425 F.2d at 360–63; *West Willow Apartments, supra,* 245 F.Supp. at 758, and TPA has not contended that the terms of the subject mortgage provide it with a right of redemption following foreclosure. Thus, its claim has no basis under applicable federal law.

■ Furthermore, although a right of redemption is provided by statute in numerous states, *see Stadium Apartments, supra,* 425 F.2d 358, 364 n. 4 (9th Cir.1970), New York does not have such a redemption statute. *See In re Nimai Kumer Ghosh,* 38 B.R. 600, 603 & n. 4 (E.D.N.Y.1984). Therefore, the only basis for the present petition under state law would be a mortgagor's common law equity of redemption. The "owner of the equity of redemption ... has a right to redeem the property at any time prior to the actual sale under a judgment of foreclosure...." *First Federal Savings & Loan Assoc.,* 83 A.D.2d 601, 441 N.Y.S.2d 309, 310 (N.Y.App.Div.1981). This common law right of redemption, however, is limited. The equity of redemption is extinguished after a foreclosure sale has occurred even though the deed has not yet been delivered. *In re Ellis,* 40 B.R. 760 (E.D.N.Y.1984); *In re Nimai Kumer Ghosh, supra,* 38 B.R. at 602–03. *See also* 2A *Warren's Weed—New York Real Property* § 15.03 (1980). Therefore, even under state law, TPA's right to redeem to mortgage would have extinguished on June 3, 1983.

For the reasons set forth above, TPA's motion to remand this action is denied and HUD's motion for summary judgment is granted. HUD's request for attorney's fees at the conclusion of its memorandum has not been further substantiated in its papers and will be denied.

The clerk is directed to dismiss this action with prejudice and with costs.

IT IS SO ORDERED.