In re John IAQUINTA, Debtor.

STANDARD BANK & TRUST
COMPANY, Plaintiff,

v.

John IAQUINTA & Hamilton Moses,
Trustee, Defendants.

Bankruptcy No. 87 B 16734.
Adv. No. 88 A 00102.

United States Bankruptcy Court,
N.D. Illinois, E.D.

March 29, 1989.

See also, Bkrtcy., 98 B.R. 919.

Harold Rosen, Mark E. Burt, Wolin &
Rosen, Chicago, Ill., for defendant John
Iaquinta.

James B. Carroll, Evergreen Park, for
plaintiff Standard Bank & Trust Co.

M. Scott Michel, U.S. Trustee, Chicago,
Ill.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy
Judge.

This matter comes before the Court on
the motion of John Iaquinta ("Iaquinta")
pursuant to Federal Rule of Bankruptcy
Procedure 9024 incorporating Federal Rule
of Civil Procedure 60 for relief from a
judgment entered on January 12, 1989. 95
BR 576. For the reasons stated herein, the
Court having considered the pleadings does
hereby deny the motion.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain
this motion pursuant to 28 U.S.C. § 1334
and General Orders of the United States
District Court for the Northern District of
Illinois. The motion constitutes a core pro-
ceeding under 28 U.S.C. § 157(b)(2)(A), (J),
(O).

## II. FACTS AND BACKGROUND

On January 12, 1989, the Court entered a Memorandum Opinion and Order holding that a portion of the debt owed by Iaquinta to Standard Bank & Trust Company ("Standard") was nondischargeable pursuant to 11 U.S.C. § 523(a)(6). The instant motion was filed on February 23, 1989. Iaquinta seeks relief from the judgment for two reasons: 1) the Court erroneously held that Iaquinta admitted conversion of some of the collateral; and 2) the Court inadvertently misapplied the test for dischargeability under Section 523(a)(6) of the Bankruptcy Code. Although the motion fails to specify the reason relief should be granted, the Court assumes that Iaquinta seeks relief pursuant to Rule 60(b)(1) because of the use of the words mistake and inadvertence.

## III. DISCUSSION

Rule 60(b)(1) provides:

(b) On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect ...

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b)(1).

The general rule in this circuit is that relief from a judgment under Rule 60(b) for *inter alia* mistake, inadvertence or excusable neglect is an extraordinary remedy and is granted only in exceptional circumstances. *United States v. One 1979 Rolls–Royce Corniche Convertible*, 770 F.2d 713, 716 (7th Cir.1985); *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir.1984); *Planet Corp. v. Sullivan*, 702 F.2d 123, 125 (7th Cir.1983). The burden of establishing proper grounds for Rule 60 relief rests upon the movant. *National Bank of Joliet v. W.H. Barber Oil Co.*, 69 F.R.D. 107, 109 (N.D.Ill.1975). The decision to grant relief under this rule is left to the sound discretion of the court. *Inryco, Inc. v. Metropolitan Engineering Co., Inc.*, 708 F.2d 1225, 1230 (7th Cir. 1983), *cert. denied*, 464 U.S. 937, 104 S.Ct. 347, 78 L.Ed.2d 313 (1983); *Breuer Electric Manufacturing Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 187 (7th Cir.1982). The party seeking the relief must demonstrate both a meritorious defense and that one of the four conditions of the Rule applies. *Ben Sager Chemicals International, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir.1977); *Clergy and Laity Concerned v. Chicago Board of Education*, 586 F.Supp. 1408, 1410 (N.D. Ill.1984); *Railroad Maintenance Laborers' Local 1274 Pension, Welfare and Education Funds v. American Railroad Construction Co., Inc.*, 96 F.R.D. 433, 435 (N.D. Ill.1983).

The Court finds that the motion lacks merit and thus will not grant relief from the judgment. Iaquinta alleges that the Court made a mistake in finding that Iaquinta "admitted his conversion of some of the collateral". Iaquinta admitted that he failed to remit proceeds from the sale of the secured vehicles and failed to substitute titles to the Bank. These admissions constitute conversion for purposes of section 523(a)(6). In addition, Iaquinta contends that the Court inadvertently misapplied the test for dischargeability under section 523(a)(6). The Court finds that this contention is disingenuous. All of the case authority relied on and cited by this Court was from either the Seventh Circuit, the District Court for the Northern District of Illinois, both of which this Court is obliged to follow, and the United States Bankruptcy Court for the Northern District of Illinois and the United States Bankruptcy Court for the Central District of Illinois. None of the case authority cited by Iaquinta in the instant motion is controlling upon this Court because it is not from this district.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby denies the motion for relief from the judgment. As Iaquinta has failed to

validly assert any of the four conditions under Rule 60(b)(1), the motion must be denied.

This Opinion is to serve as findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.