### In re LEHAL REALTY ASSOCIATES, Debtor.

George LEBOVITS, individually and as a general partner in Lehal Realty Associates, Plaintiff,

v.

Israel HALPERN and The Trust Company of New Jersey, Defendants.

Bankruptcy No. 89 B 20078.
Adv. No. 89 6927.

United States Bankruptcy Court, S.D. New York.

May 26, 1989.

Robert P. Herzog and Howard Mann, New York City, Trust Co. of New Jersey.

Isaac Nutovic, New York City, for George Lebovits.

Marvin Neiman P.C., New York City, for Israel Halpern.

## DECISION ON MOTION TO DISMISS AMENDED COMPLAINT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Trust Company of New Jersey ("the Bank"), which holds a judgment of foreclosure with respect to a mortgage on 140 acres of real estate ("the golf course") in Rockland County, New York, in which the debtor partnership, Lehal Realty Associates ("Lehal") claims a beneficial interest, has moved to dismiss the amended complaint filed by George Lebovits ("Lebovits") in the above-captioned adversary proceeding. Lebovits, as a 75% general partner in Lehal, filed with this court an involuntary petition for relief under Chapter 11 of the Bankruptcy Code against Lehal on February 9, 1989. Lebovits' authority to file the involuntary Chapter 11 petition was denied by Israel Halpern ("Halpern"), a 25% partner in Lehal. The Bank supported Halpern's opposition to the involuntary Chapter 11 petition. After trial, this court ruled on May 17, 1989, that Lebovits was a 75% general partner in Lehal with Halpern, who held a 25% interest, and that Lebovits was authorized under 11 U.S.C. § 303(b)(3)(A) to file the involuntary petition. *In re Lehal Realty Associates*, 101 B.R. 418, (Bankr.S.D.N.Y.1989).

On April 19, 1989, George Lebovits, individually and as a general partner in Lehal, filed with this court an amended complaint for a declaratory judgment against Halpern and the Bank seeking a determination that Lehal has a 100% beneficial interest in the golf course property and that Halpern has no more than a 25% partnership interest in Lehal. In sustaining Lebovits' authority to file an involuntary Chapter 11 petition against Lehal, this court found on May 17, 1989, that Lebovits held a 75% interest in Lehal and that Halpern held a 25% interest in the debtor partnership. Therefore, the only unresolved issue is whether or not Lehal holds a 100% beneficial interest in the golf course property. On May 5, 1986, Lehal transferred the golf course property to Lebovits individually pursuant to a deed executed by Lieb Waldman, who was then a 50% partner in Lehal. Waldman represented that he was authorized by Halpern, the other partner in Lehal at that time, to transfer Lehal's ownership of the golf course property to Lebovits. Halpern disputes the transfer and has filed a state court action to recover the property for Lehal.

The Bank asserts in its motion to dismiss the amended complaint filed by Lebovits in this adversary proceeding that its judgment of foreclosure, which was entered in the state court on December 20, 1988, extinguished the interests and rights of all parties, and those claiming through them, with respect to the golf course property. Thus, the Bank reasons that any interests of Lebovits, Halpern and Lehal were extinguished by the foreclosure judgment. The Bank also contends that any right of redemption claimed by them would be extinguished at a foreclosure sale. The Bank further argues that even if Lebovits and Halpern contend that they still have a right of redemption with respect to the foreclos-

ed golf course property, no such right of redemption may be claimed by the debtor, Lehal, because it does not have legal title to the property, having deeded it to Lebovits on May 5, 1986.

The plaintiff, Lebovits, concedes that the Lehal partnership did not have legal title to the golf course property after Lehal deeded the real estate to him on May 5, 1986. However, the plaintiff contends that he holds title to the real estate in trust for the Lehal partnership, in which he has a 75% interest, and that Lehal has a 100% beneficial interest in the real estate. Accordingly, the plaintiff reasons that Lehal's beneficial interest as an equitable owner of the property was not completely extinguished by the Bank's entry of the foreclosure judgment and that Lehal may exercise an equitable right of redemption at any time until complete title is vested in the purchaser at the judicial foreclosure sale.

## DISCUSSION

In considering a motion to dismiss a complaint pursuant to Rule 12(b)(6) of the Federal rules of Civil Procedure, as made applicable under Bankruptcy Rule 7012, on the ground that the complaint fails to state a claim upon which relief can be granted, the court must accept as true all of the well-pleaded facts alleged in the complaint. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Bloor v. Carro, Spanbock, Landin, Rodman & Fass*, 754 F.2d 57 (2d Cir.1985). The motion must be granted when it appears with certainty that no set of facts could be proven at trial which would entitle the plaintiff to any relief. *Conley v. Gibson, supra, Dioguardi v. Durning*, 139 F.2d 774 (2d Cir.1944); *In re Rudaw/Empirical Software Products, Ltd.*, 83 B.R. 241 (Bankr.S.D.N.Y. 1988); *Trans World Airlines, Inc., et al., v. Texaco Inc. (In re Texaco Inc.)*, 81 B.R. 813 (Bankr.S.D.N.Y., 1988).

Assuming that the plaintiff can establish at the trial that he had valid title to the golf course property and that he held such interest in trust for the Lehal partnership, which had an equitable interest in the real estate when the Bank entered its judgment of foreclosure, it follows that as the holder of an equitable interest in the property Lehal would have standing to assert that it had a right to redeem the property prior to the actual sale under the Bank's judgment of foreclosure. *Polish National Alliance of Brooklyn, U.S.A. v. White Eagle Hall Company, Inc.*, 98 A.D.2d 400, 470 N.Y. S.2d 642 (App.Div. 2d Dep't 1983); *First Federal Savings and Loan Assoc. of Port Washington v. Smith*, 83 A.D.2d 601, 441 N.Y.S.2d 309 (App.Div. 2d Dep't 1981) (any person with a legal or equitable interest in the mortgaged premises has a right to redeem the property at any time prior to the actual sale under a judgment of foreclosure).

The underlying objective of foreclosure actions is to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale. *Polish National Alliance of Brooklyn, U.S.A. v. White Eagle Hall Company, Inc.*, 470 N.Y.S.2d at 646, 647. Thus, a contract vendee, holding an equitable interest in the *Polish National Alliance* case had a right to redeem the mortgage prior to sale by tendering to the mortgagee the principal and interest due under the mortgage. Similarly, a tenant whose interests are subordinate to those of a mortgagee is entitled to exercise an equitable right of redemption upon the default of the mortgagor and acquire the mortgage before the foreclosure sale. *G.B. Seely's Son, Inc. v. Fulton Edison, Inc.*, 52 A.D.2d 575, 382 N.Y.S.2d 516 (App. Div.2d Dep't 1976); *Big Apple Supermarkets, Inc. v. Corkdale Realty, Inc.*, 61 Misc.2d 483, 305 N.Y.S.2d 531 (Sup.Ct.Suff. Co.1969).

In the instant case, the court cannot conclude with certainty that no set of facts could be proven by the plaintiff at trial which would give the debtor, Lehal, standing to exercise an equitable right to redeem the Bank's mortgage prior to the actual foreclosure sale.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28

U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. The Bank's motion to dismiss the complaint pursuant to F.R.C.P. 12(b)(6) and Bankruptcy Rule 7012 is denied because the facts at trial may reveal that the debtor, Lehal, has standing to exercise an equitable right to redeem the Bank's mortgage prior to the actual foreclosure sale.

SETTLE ORDER on notice.